Turner vs. Northcut & McCarty.

| 9 | 251 |
|---|---|
| 40a | 534 |
| 9 | 251 |
| 157 | 587 |
| 157 | 588 |
| 157 | 589 |
| 9 | 249 |
| 96a | 122 |

TURNER vs. NORTHCUT & McCARTY.

When an appeal is taken from the judgment of a Justice of the Peace, the plaintiff may, in the circuit court, dismiss his suit. The cause then stands as if no judgment had been rendered.

APPEAL from Boone.

TURNER & GORDON, for the Appellant.

The appellant relies upon the following

POINTS AND AUTHORITIES.

1. The record and proceedings in the case of Turner vs. McCarty, were illegal and irrelevant as evidence in the cause.

There never was a final trial and judgment upon the merits of the

cause. The appeal being properly taken from the justice's judgment, and the original papers being filed in the circuit court, divested the justice's judgment of *all legal effect*, and the circuit court was possessed of the cause, and was bound to hear, try and determine the cause anew. See Revision 1835, title, Justice's Courts, art 8; 5 & 8 secs.

The circuit court, upon appeal, is bound to give a judgment of its own. See 5 Mo. Reports, 124.

The circuit court did not hear, try and determine the cause, but on the plaintiff's motion dismissed *his suit*. See the judgment.

The dismissal of the suit leaves the plaintiff precisely in the same situation, except as to costs, as before suit brought.

The dismissal of an appeal, leaves the judgment of the justice in force. Because, 1st, the appeal was illegally taken, and in law *no* appeal; 2d, the appeal dismissed by the court for want of prosecution, and 3d, by consent of the parties.

II. Because, the articles in the plaintiff's account were all delivered to the defendant *in payment of a demand* held on one of the plaintiffs, long prior to the suit of Turner vs. McCarty. The last items in the account were dated July 7th, 1842. The suit of Turner vs. McCarty was commenced 5th Septembr, 1843.

If the articles were delivered to Turner in payment of his demand, prior to the judgment in the case of Turner vs. McCarty, the plaintiff's could not recover the value of the articles in the suit. "A voluntary payment made by a party with a knowledge of the circumstances of the case, he cannot recover it back again, because of his ignorance of the law." The following authorities lay down this principle: Brisbane vs. Dacres, 7 Taunton 144; also reported in 1 English Com. Law Reports, 43; Belbie vs. Lumsby, 2 East, 469; Morris vs Jarvis, 1 Dallas, 148; Bogart vs. Evans, 6 Sergt. and Rawl. 369; Irvine vs. Hanlow, 10 Sergt. & Rawl. 219; Wait vs. Leggett, 8 Cowen Rep. 195; Clark vs. Dutcher, 9 Cowen, 674; Loring vs. Mansfield, 17 Mass. Rep. 349; 2 Marshall's Rep. 328.

If the plaintiff's cannot recover the value of the articles in the account, because they were voluntarily delivered in payment of a debt, or supposed debt, then it follows that the judgment, &c., had in the case of Turner vs. McCarty for that supposed debt, is irrelevant and illegal evidence in this cause.

III. But if the record and proceedings in the case of Turner vs. McCarty, were legal and relevant evidence, and the judgment a bar to Turner's recovery upon his claim by another suit, yet it is no bar or estoppel to the defence of payment in this suit.

1st. Because the payment of the articles in the account was prior in time to the institution of the suit by Turner vs. McCarty.

2d. Because the payment was a voluntary one, and a suit cannot be sustained to recover the value back again. See authorities referred to in 2d point above.

IV. The finding of the court ought to have been in favor of the defendant.

1st. Because the articles in the account were proven to have been delivered in payment of a demand held by Turner vs. McCarty. This fact is proved by the evidence in the cause beyond all doubt. See Turner and Hickman's evidence. And if delivered in payment of a debt or supposed liability, the value of them could not be recovered in this suit. See authorities referred to in 2d point.

V. The payment of the articles by McCarty to Turner, was not a voluntary payment without consideration, but was for and in discharge of a prior, legal subsisting obligation of Turner against McCarty. See the written contract between Turner and McCarty, and the acknow- ledgment of Turner, (which was to be received as evidence.) "That the obligation was given to induce Turner to vigilance in making the money out of Northcut, and to save McCarty's interest in the land and mills—that Northcut paid off the judgment, and the interest of McCarty in the land and mills was not sold under Keith's and Glenn's judgment.

W. A. ROBARDS, for Appellees.

POINTS.

The judgment of the court below should be affirmed.

1. Because it was warranted by the evidence, and law of the case.

2. Turner's bond could not be used as a set-off in this case; first, because it is the individual bond of McCarty; 2d, because the bill of exceptions shows that he instituted suit upon it before J. W. Hickam, a trial had by a jury, a verdict and judgment rendered against him, which judgment stands in full force, and is a bar to any other suit upon it.

3. The bill of exceptions shows that Turner instituted suit upon the bond offered as a set-off, and a trial was had and a judgment rendered against him; he took an appeal, and before a trial was had in the circuit court, he dismissed his appeal. By dismissing his own appeal be can-

not render void a judgment against him. The policy of the law will not permit an unsuccessful plaintiff to take an appeal from the judgment of a justice, then dismiss his appeal—make the judgment before the justice a nullity, and commence a second, third or fourth suit upon the same subject matter.

4. The court did right in excluding from its consideration the bond of McCarty (offered as a set-off,) and all evidence in reference to it, because the judgment rendered before J. W. Hickam, is regular and not reversed. (Bill of exceptions.)

Scott, J. delivered the opinion of the court.

Northcut and McCarty brought an action against Turner in a justice's court, on an account for plank, lumber, &c. After a trial in the justice's court, the cause was taken by appeal to the circuit court, where on a trial *de novo*, Turner admitted that he had received the articles charged against him, but maintained that they were delivered to him in satisfaction of a bond he held on McCarty, one of the plaintiff's in this suit. To counteract this defence, the plaintiffs produced in evidence the record of a suit commenced by Turner against McCarty in a justice's court, on a bond mentioned, from which it appeared that, in that suit a judgment had been rendered against Turner, from which he appealed to the circuit court, and after the appeal had been regularly taken, he voluntarily discontinued his action. The court permitted this evidence to go to the jury, and a verdict and judgment was rendered for the plaintiffs, from which Turner has taken this appeal.

The question involved in the cause is, whether a plaintiff who sues in a justice's court, and has a judgment rendered against him, from which he appeals to the circuit court, and afterwards voluntarily discontinues his action or takes a non-suit, is barred by the judgment of non-suit or discontinuance, or whether he may sue again on his cause of action?

This is a question on which but little light can be thrown by reference to the learning, respecting the effect of appeals and writs of error in courts of equity and law. It is clear that a writ of error at the common law, or an appeal in the civil law, did not destroy, but merely suspended the effect of a judgment or decree. In investigating the point we can only be guided by the character of the court whose proceedings are involved, and the statute regulating the subject. No principle is clearer than that a judgment of a court, however limited its jurisdic-

tion may be, is binding and conclusive, until it is regularly vacated or set aside. Unless the judgment of a justice is appealed from, it is as binding and conclusive as the judgment or decree of the highest court known to the law. But while an appeal or writ of error merely suspends the effect of a judgment of a court of record, our legislature has not seen proper so to limit the effect of an appeal from a justice's court to the circuit court. The proceedings in a justice's court are summary, with little or no attention to forms, and they are held by officers who are not presumed to be skilled in the law. A justice is bound to enter the verdict of a jury, and give effect to it, whatever his opinion may be of its injustice and oppression. On the trial of an appeal from a justice's court in the circuit court, no regard is had to the evidence which was produced in the inferior court. Evidence not offered, or even purposely withheld in the inferior court, may be produced on the trial in the circuit court. The 8th section of the 8th article of the act regulating justice's courts, enacts, "that upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the justice. The proceedings of the justice are only looked into, in order to ascertain that the same cause is tried in the circuit court, that was tried in the justice's. If it be said that it is unjust that a plaintiff should have the effect of a reversal, simply by taking [an appeal, and then discontinuing his action, it may be answered that our law gives the plaintiff a similar advantage in all other courts. A plaintiff may institute a suit against a defendant—there may be a full investigation of the controversy on the merits, and all may as well be assured as they can be of a moral certainty, that the defendant will obtain a verdict, and yet the plaintiff may take a non-suit, at any time before the cause is finally submitted to the jury, prevent a judgment in behalf of the defendant, and commence his action anew. So a plaintiff, seeing that a defendant is about to obtain a judgment against him, under a plea of set-off, may prevent it by taking a non-suit. When an appeal is taken by either party, its effect is not only to suspend, but to destroy the effect of a judgment of a justice; it makes it as though no judgment had been rendered. The cause is considered as still pending, no regard is had to the judgment of a justice, and the rights of the parties are the same as they would be in any other suit pending in the courts of record.

The plaintiff may at any time discontinue his action, or take a non-suit without prejudice to another action, and if the defendant should die and the cause of action did not survive, although he may have appealed,

the suit would abate. I have always understood the law to be, that on the trial of an appeal from a justice's court, the plaintiff might take a non-suit, and commence another action for the same cause.

What is the difference in principle between suffering a non-suit and discontinuing an action? Upon an examination I have found that the courts of North Carolina have maintained the doctrine contended for in this opinion, whilst the courts of Pennsylvania would seem to maintain a contrary one. But this is a question depending so much on the peculiar system of laws in each State, regulating justices' courts, that the manner of its determination in them, must be an unsafe guide for the courts of this State, especially without the statutes on which the opinions are founded.

We do not consider that the record raises the question whether the joint action can be set off by the bond of one of the plaintiffs. On this question there can be no doubt.

The other judges concurring, the judgment below is reversed.