pal Court be affirmed, and that a special mandate be issued to the Court of Common Pleas directing it to remand the case to the Municipal Court for a new trial.

*Judgment affirmed and cause remanded to Municipal Court.*

BUCHWALTER and HAMILTON, JJ., concur.

---

## FINN *v.* FINN.

*Negligence—Wife cannot maintain action against husband, when.*

Where husband and wife are living together the wife cannot maintain an action in tort against her husband to recover damages for injuries sustained by her through his alleged negligence.

(Decided November 24, 1924.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Miller & Brady*, for plaintiff in error.
*Mr. George Lewis* and *Mr. W. H. McLellan, Jr.*, for defendant in error.

CHITTENDEN, J. This action was instituted by Esther G. Finn, as plaintiff in the common pleas court, against Julius R. Finn, to recover damages for personal injuries sustained by reason of the

---

Husband and Wife, 30 C. J. § 675.

alleged negligence of the defendant in operating his automobile. It appears from the pleadings that the plaintiff and the defendant are, and were at the times set forth in the petition, husband and wife living together. The plaintiff alleges, in substance, that while riding in an automobile with her husband, the automobile being driven by him, he so negligently operated the automobile as to come into collision with a tree, as a result whereof she was seriously injured. She prayed for judgment against her husband in the sum of $10,000. The defendant filed a motion for a judgment in his favor upon the statements in the pleadings, which motion was sustained. Judgment was accordingly entered in favor of the defendant, and error prosecuted to this court.

In argument, counsel state that "this case presents only one question for the consideration of the court, namely: Can a wife sue her husband in tort for injuries sustained by his wrongful act?" While that is a correct statement of the identical question to be determined in this action, the principle involved is somewhat broader in scope. The question to be determined is whether either a wife or a husband may sue the other for injuries resulting from the negligence of the one sued. It is conceded that at common law such an action could not be maintained. The theory of the common law was that the identity of the wife was merged in that of the husband, and that because of the identity of person in husband and wife neither could maintain an action at law against the other. It is claimed, however, on behalf of the plaintiff in error, that the legislative enactments of

the General Assembly of Ohio should be so con-
strued as to confer upon a wife the right to main-
tain an action against her husband for injuries sus-
tained by her through his tortious acts.

The theory of the common law that by marriage
the legal existence of the wife was merged in that
of the husband, so that she was incapable of con-
tracting, acquiring and disposing of property with-
out the consent of the husband, of suing and being
sued separately, has been abolished by modern
legislation. By progressive legislation the com-
mon-law limitations on the rights of married women
have from time to time been removed, so that in
Ohio the rights of married women stand on an
equality with that of married men. Their rights
and obligations are mutual, except that the duty
of supporting himself, his wife and minor children
out of his property, or by his labor, rests pri-
marily upon the husband. (Section 7997, General
Code.) Their property rights are entirely separ-
ate, neither having any right in the property of the
other, except such as is provided by Section 7997,
General Code, and the right of dower, and the
right to remain in the mansion house after the
death of either, as provided by law. (Section 7998,
General Code.)

Husband and wife are enabled by Section 7999,
General Code, to contract with each other, the same
as if they were unmarried. The statutes of this
state will be searched in vain for any provision ex-
pressly permitting the husband or wife to sue each
other for injuries to the person or property of
either. That the wife may sue in her own name
and right upon any cause of action which she may

have, whether it arise out of contract or out of injury to her person or property, is beyond dispute in this state. (Section 11245, General Code.) These enabling statutes, however, confer on her no new causes of action. They have only conferred upon the wife the same rights with reference to property, and the maintaining of actions in court, as were theretofore possessed by the husband. The right of the wife to maintain an action in her own name against third parties for wrongs sustained by her through the action of such third parties has been sustained by the Supreme Court in *Westlake* v. *Westlake*, 34 Ohio St., 621, and in *Flandermeyer* v. *Cooper*, 85 Ohio St., 327. That the enabling statutes above referred to were not intended by the Legislature to confer upon either husband or wife the right to maintain civil actions for tort against the other was the opinion of the Supreme Court expressed in the decision of *State* v. *Phillips*, 85 Ohio St., 317. In that case the wife had been indicted for larceny from her husband. It was there argued that the statutes of Ohio had abrogated the common-law rule, based upon the theory of unity of person, that neither husband nor wife could be prosecuted for larceny of the goods of the other. Judge Davis, speaking for the court, uses this language, on page 323:

"Indeed we doubt that any member of that body had in contemplation such a result when he voted for the statutes which protect the individual rights of married people. The legislature was contemplating the expressed purpose of the statutes, and that only. They were not at that time considering crimes and criminal procedure; and surely they

cannot be presumed to have intended a thing which they did not clearly express and which is fraught with such far-reaching and radical consequences to the law of the domestic relations, for the abrogation of the doctrine of the legal unity of husband and wife, when pushed to its logical conclusion, would not only create crimes where there were none before, but would also authorize a husband or wife to maintain civil actions for tort against the other, such as actions for personal injuries, assault, false imprisonment, or slander (15 Am. & Eng. Ency. Law, 2 ed., 857), thus multiplying a hundredfold the unhappy differences which have to be settled in the divorce courts. We cannot assume that the legislature intended this without very clear evidence of such an intention in the language of the statutes.''

It must be presumed that the legislators knew the policy of the common law, as established by centuries of judicial decisions. Had it been the intention of the Legislature to permit husband and wife to sue each other for injuries to the person or property caused by the other, it surely would have so declared by express and clear legislative enactment. To make such a radical change in the policy of the common law by judicial construction would be equivalent to such legislation. While the common-law unity of person in the husband and wife no longer prevails, nevertheless the marriage ceremony does constitute a new relationship whereby the parties assume a different responsibility toward each other and toward society. As husband and wife, there is at least a unity of interest in the establishment of a home. The home

has been looked upon as constituting the basis of our civilization and the strength of our government. Love of home is regarded as the greatest safeguard of our institutions. The growing volume of divorce cases is cause for apprehension as to the future of our domestic stability. It would seem that any policy that may add to the causes for dissension between husband and wife would be of doubtful benefit. The intimate relations of home life might easily become the source of fruitful litigation. Shall a misplaced chair over which husband or wife falls furnish the grounds for an action against the other because of his or her alleged negligence? If such is to become the policy of the law, if such a radical change, so vitally affecting the legal status of husband and wife, is to be made, it should be made by clear and express legislation and not by judicial construction.

We are aware of the fact that the courts of different states are not in accord upon this proposition, but the great weight of authority is opposed to the position taken by plaintiff in error in this case. The subject was dismissed by the Supreme Court of the United States in *Thompson* v. *Thompson*, 218 U. S., 611. That court reached the conclusion that the law of the District of Columbia, conferring upon the wife the right to sue separately for torts committed against her, did not authorize an action against her husband for damages arising from an assault and battery. In the course of the opinion rendered in that case, at page 619, Mr. Justice Day said:

"Nor is the wife left without remedy for such wrongs. She may resort to the criminal courts,

which, it is to be presumed, will inflict punishment commensurate with the offense committed. She may sue for divorce or separation and for alimony. The court in protecting her rights and awarding relief in such cases may consider, and, so far as possible, redress her wrongs and protect her rights.''

In addition to the cases cited in that opinion we call attention to *Strom* v. *Strom,* 98 Minn., 427, and *Woltman* v. *Woltman,* 153 Minn., 217. The cases bearing upon the question are collected and discussed in an extended note in 6 A. L. R., at page 1038.

From the considerations above set forth we find that there was no error in the judgment rendered in the Court of Common Pleas, and the judgment will be affirmed.

*Judgment affirmed.*

Kinkade and Richards, JJ., concur.