### CANEN v KRAFT et

Ohio Appeals, 6th Dist, Wood Co
No. 502. Decided July 1, 1931

G. A. Cheney, Bowling Green, for Canen. Kirkbridge, Boesel, Frease & Cole, Toledo, for Kraft et.

WILLIAMS, J.

Two questions are presented by the record: Whether a liability insurance company can be joined with the automobile owner in a suit for personal injury sustained by reason of the negligence of the latter, and whether a minor child may maintain an action for personal injuries sustained by negligence of the father in operating the car in which they are riding.

The amended petition contains no allegations which show that the policy given by the insurance company to the father by its terms made the insurance company directly liable to the person injured. It appears that it was an ordinary policy and under the provisions of §9510-3 and §9510-4, GC no proceeding may be had against the insurance company by the injured person until the right of action for personal injury is reduced to judgment.

**Stacey v Fidelity & Casualty Co., 114 Oh St, 633.**

The court below therefore committed no error in sustaining the motion to strike matter from the amended petition.

If the amended petition stated a cause of action against the defendant, S. Louis Canen, dismissal of the petition constituted prejudicial error. The question is therefore presented whether or not the daughter, Mae Canen, eleven years of age, could maintain an action against her own father. By the weight of modern authority an unemancipated minor child can not maintain an action for a personal tort against his natural parent. The rule is stated in 30 R. C. L., 631 and the authorities are collected in the following annotations:

71 A. L. R., 1071;

31 A. L. R. 1157;

The reason upon which the rule is based is the safeguarding of the family relation and the preservation of harmony and good will among its members. We are aware that a controversy has arisen in adjudicated

cases with respect to the proper rule, and pursuit of the inquiry is interesting and instructive.

In the case of Sorrentino v Sorrentino, 248 N. Y., 626, decided July 19, 1928, a boy eleven years of age brought an action against his father for personal injuries sustained on account of the negligence of the father in driving an automobile in which they were both riding. The full report of the case is as follows:

"Judgment affirmed, with costs. Held, that an action for personal injuries resulting from negligence may not be maintained against a parent by an unemancipated minor child; no opinion.

Concur: Pound, Lehman, Kellogg and O'Brien, JJ.

Dissenting: Cardozo, CJ, Crane and Andrews, JJ."

A very excellent discussion of the question may be found in Dunlap v Dunlap, 71 A. L. R., 1095, 150 Atl., 905. In this case the minor child was working for the father under an agreement between them by which the child was to work during the summer vacation in the father's business at the same wage paid other workmen, less a deduction for the value of his board at home. It appears that premium on employer's liability insurance were computed in part on the child's wages. The court held that the father intended to assume full responsibility of a master toward his servant and release parental control so far as was necessary to attain that end, and was liable for personal injury to the son.

Upon this phase of the inquiry the dissenting opinion in the case of Small v Morrison, 31 A. L. R., 1135, 118 S. E. 12, is worthy of perusal.

An elaborate discussion of the whole question of torts between persons occupying the domestic relation may be found in 43 Harvard Law Review, 1030. On the concluding page of this discussion may be found the following:

"In the case of parent and minor child, the matter has been and still is one of common law. Authority is in favor of recognition of a cause of action in respect to property injuries, and a denial thereof in respect to personal injuries. In most states the personal injury situation has not been adjudicated, and the few clear decisions we have go back no further than 1891.

In view of the pancity of authority, the unsatisfactory and inconsistent character of the reasons advanced, the different and inconsistent treatment of husband and wife and parent and child, in several instances by the same court, and the changed economic conditions of the present day, the problem of a cause of action for personal injury should be considered an open question, meriting a more careful and exhaustive analysis, a more critical appreciation of the factors involved, and a more rational treatment than it has received in the past."

Notwithstanding the difference of opinion as shown by the references to these authorities, we are satisfied that the great weight of authority in modern adjudicated cases is that the unemancipated minor child can not sue the natural parent for personal injuries arising out of the negligence of the parent.

Mesite v Kirchenstein, 109 Conn., 77, 145 Atl., 753;

Elias v Collins, 237 Mich., 175, 52 A. L. R., 1118, 211 N. W., 88;

Mannion v Mannion, 3 N. J. Misc., 68, 129 Atl., 431;

Damiano v Damiano, 6 N. J. Misc., 849, 143 Atl., 3;

Sorrentino v Sorrentino, 248 N. Y., 626, 162 N. E. 551;

Ciani v Ciani, 127 Misc., 304, 215 N. Y. Supp., 767;

Matarese v Matarese, 47 R. I., 131, 42 A. L. R., 1360, 131 Atl., 198, 25 N. C. C. A., 737;

Wick v Wick, 192 Wis., 260, 52 A. L. R., 1113, 212 N. W., 787;

Zutter v O'Connell, 200 Wis., 601, 229 N. W., 74;

We feel constrained to follow these authorities.

This court, in the case of Finn v Finn, 19 Oh Ap 302, held that where a husband and wife are living together, the wife can not maintain an action for personal injury against her husband growing out of his negligence. It appears that a motion to certify the record was overruled by the Supreme Court March 3, 1925. While at common law the husband and wife were one and the husband was that one, and in that respect the martial relation would be different from the relation of parent and child, yet under the modern acts relating to the rights of married women the wife is quite free in Ohio and Finn v Finn, supra, is entitled to weight. At least, the reason for the rule that the wife can not sue the husband under such circumstances is based upon the same reason as the rule as between minor child and parent,—namely, the preservation of the home ties.

It appears that in the instant case the daughter was living with her father, was under his care, custody and control and it does not appear from the amended petition that she had been emancipated.

We are of the opinion that the minor daughter could not maintain the action against her father, and that the court below did not err in dismsising the plaintiff's petition.

For the reasons given the judgment will be affirmed.

LLOYD and RICHARDS, JJ, concur.