## KROHNGOLD et v KROHNGOLD

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12149.  Decided May 23, 1932

Joseph H. Mellen, Cleveland, for plaintiff in error.

McKeehan, Merrick, Arter & Stewart, Cleveland, and George W. Cottrell, Cleveland, for defendant in error.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist) sitting.

LEMERT, J.

The first question that presents itself for our consideration, is the right of the court below to strike the reply from the files.

"The power of the Court of Common Pleas to order stricken from the files ·an answer which is a sham answer, one which although good in form is false in fact and not pleaded in good faith, was a power existing at common law and is one of the powers inherent in the court to be exercised in the due and speedy administration of justice.  A proper case is made for the exercise of such power and for an order striking off such answer when upon a hearing of a motion to strike it off,· the evidence introduced discloses no conflict upon any material point and the entire evidence leaves no reasonable doubt that such order should be made."  **White v Calhoon, 83 Oh St 401.**

There are no facts in this case, no bill of exceptions was filed and there is nothing before this court from which it can be determined whether the court committed error in granting the motion of defendant to strike the reply from the files as a sham pleading.  Whether the evidence before the

632

court at the hearing upon the motion, made a question of law for the court, or of fact for the, jury, is not now subject to review in this court. The only question, therefore, for us to determine is whether the plaintiff, an unemancipated minor, has a right to prosecute the action in tort against her mother. In the Court of Appeals, Sixth District, in the case of **Canen v Kraft, 10 Abs 305**, it was held that a minor child could not maintain an action for personal injuries sustained by negligence of the father in operating a car in which they were riding. In the case of **Stacey v Fidelity & Deposits Co., 114 Oh St 633**, wherein the question was there presented as to whether or not the daughter could maintain an action against her own father, the court held that by the weight of modern authority an unemancipated minor child cannot maintain an action for personal tort against her natural parent. This rule is further laid down in 30 R.C.L.,· 631, 71 A.L.R., 1071, 31 A.L.R., 1157. The reason upon which this rule is based, is the safeguarding of the family relationship and the preservation of harmony and good will among its members.

In the case of **Finn v Finn,·19 Oh Ap 302,** (3 Abs 55), it was held, where a husband and wife are living together, the wife cannot maintain an action for personal injury against her husband, growing out of his negligence. In this case it is to be noted that a motion to certify the record was overruled by the Supreme Court, March 3, 1925. While at common law, the husband and wife were one and the husband was that one, and in that respect the marital relation would be different from the relation of parent and child, yet, under the modern acts relating to the rights of married women, the wife is quite free in Ohio and this case therefore is entitled to great weight. At least the reason for the rule laid down that the wife cannot sue the husband under such circumstances is based upon the same reason as the rule as between the minor child and parent, namely, the preservation of the home ties. In the *Finn* case, as in the instant case, the daughter was living with her father, was under his care, custody and control, and it did not appear from the amended petition in *Finn* case that the daughter had been emancipated, and the· court in that case held that the minor daughter could not maintain the action against her father and that the court below did not err. in dismissing the plaintiff's petition. So on both propositions urged by plaintiff in error in this case, we believe they have been fully and finally determined and settled. First, that an unemancipated minor child cannot maintain an action for damages in tort against its parent and second, there being no finding of facts by the trial court in the printed record, and no bill of exceptions, and there is no paper even purporting to be a certified copy of the transcript of docket and journal entries of the Common Pleas Court, it necessarily follows that the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.

Woolley & Rowland, Athens, for plaintiffs in error.

L. G. Worstell, Athens, and Jones, Jones & Erskine, Athens, for defendant in error.