Marshall, C. J.
 

 Newell Randall recovered a judgment in the court of common pleas of Ashtabula county, Ohio, against Raymond Anderson for personal injuries due to Anderson’s negligence while operating an automobile. Prior thereto, the Hartford Accident & Indemnity Company issued to one Stevenson, the owner of the automobile, a policy of liability insurance which covered not only the owner, but also any one driving the automobile with his permission. After recovering the judgment against Anderson, this action was brought against the insurance company under favor of Section 9510-4, Q-eneral Code, which provides that, upon recovery of a final judgment against any person or firm for damages on account of bodily injury or death, if the defendant in such action was insured against loss or damage at the time the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and that, if the judgment is not satisfied within 30 days after the date it was rendered, the judgment creditor may have an action against the insurance company to apply the insurance money to the satisfaction of the judgment.
 

 It was alleged in the petition that Anderson was operating the automobile with the permission of Stevenson at the time Randall was injured. Issue was joined on that allegation, but that question was submitted to the jury under proper instructions, and, the evidence being in conflict and being determined in favor
 
 *583
 
 of Randall, it is not an issue in this court. Anderson must therefore be considered as the assured.
 

 The answer of the insurance company pleaded that the contract of insurance provided that the insurance company should have the opportunity of conducting the defense in any lawsuit against the assured, that to that end immediate written notice should be given of any lawsuit resulting from such injuries, together with summons or other process served therein, and that the assured should co-operate fully with the insurance company in disclosing all the facts about the accident, the making of claim, and the filing of suit, and, further, should also render aid in securing evidence and the attendance of witnesses at the trial. It further alleged that no notice was given of the commencement or pendency of the suit, and that the insurance company had no knowledge of the suit until after default judgment was rendered.
 

 . To this answer Randall replied that after the accident, and prior to suit being brought, one James 8. Keane, the agent of the insurance company, with full authority to compromise, adjust, and settle claims, conferred with the attorney representing Randall, and after investigation told the attorney that the company would not defend Anderson in any action brought by Randall, and disclaimed all liability for the accident caused by Anderson. Randall therefore claimed an estoppel to set up the conditions of its policy, because of the claimed waiver by the insurance company’s duly authorized agent. The interview between Helman, the attorney for Randall, and Keane, the adjuster for the insurance company, was never reported to Anderson, and, so far as this record shows, Anderson had no knowledge of the disclaimer of liability on the part of the adjuster. It is conceded that Keane, the adjuster, had power to settle and pay losses. Helman, the attorney, testified concerning the negotiations with Keane, and, although his testimony was contradicted by Keane,
 
 *584
 
 the jury evidently believed Helman. His statement must therefore be accepted by this court. Omitting unnecessary details, his testimony was as follows: “I said to him, ‘I am going to sue it and shall I send you a copy of the petition?’ He said, ‘No, it is no use, we are not going to defend Anderson.’ ”
 

 The sole question in this error proceeding is whether, under the allegations of the reply, and the testimony above quoted, the waiver and estoppel are sufficient in law and in fact.
 

 We shall first inquire whether Keane was authorized to waive the notice of the suit, and whether, by reason of his statement that he would not defend Anderson, and that it was of no use to send him a copy of the petition, the insurance company is estopped to defend on the ground of failure to give the notice. It is conceded that Keane had authority to settle and pay losses. The last and most important act in carrying out the obligation of an insurance company on a policy of insurance is that of settling and making payment of indemnity to the insured. An agent to whom is intrusted the power to perform this act must be held to have the lesser and included power to perform any other act leading up to and culminating in settlement and payment. The insurance company is primarily entitled to insist upon performance of each valid condition of its policy, but it may on the other hand make immediate payment of a loss without the requirement of performing any of the conditions. Keane, having the power to make payment, could have made the payment at the time of the interview with Helman, and he must by the same token be held to have had the power to waive conditions of payment at that time. Condition L of the policy provides that no condition or provision of the policy shall be waived or changed except by indorsement attached thereto, signed by an executive officer of the company, and further provides that notice to or knowledge possessed by any agent shall
 
 *585
 
 not be held to effect a waiver or change in any part of the policy, unless indorsed thereon and signed. This condition of the policy necessarily refers to waivers and changes made before or at the time of delivery of the policy. It could not be effective to deny the right of an injured person claiming under the policy to rely upon the statements and promises of an authorized agent during negotiations for settlement. This conclusion was reached by this court in
 
 Ohio Farmers
 
 Ins.
 
 Co.
 
 v.
 
 Cochran,
 
 104 Ohio St., 427, 135 N. E., 537.
 

 We shall next inquire whether the statements made by Keane to the attorney for Randall, that the company would not defend Anderson and that he need not furnish the company with a copy of the petition, were available to Randall as the basis of estoppel without having been communicated to Anderson. It is true that Anderson was primarily the person who should have given the notice of the filing of the suit, thereby complying with one of the terms and conditions of his policy. This would not only be his plain legal duty, but, if he were responsible, it would be to his interest to do so. On the other hand, it is conceivable that a person carrying insurance, who is not financially responsible, might by collusion with the insurance company deliberately omit to give the required notice, for the sole purpose of defeating a claimant. If it should be held that the notice must be given by or through the insured, the door might thereby be opened to fraud and collusion which would be made the means of defeating just claims. It must be held that by virtue of Section 9510-4, General Code, an injured person has a potential interest and a substantial right in the policy from the very moment of his injury, and, although it does not develop into a vested right until a judgment is secured, his rights are such, even before judgment, as to entitle him to comply with the terms and conditions of the policy, and thus make them effective in his
 
 *586
 
 behalf in the event the insured fails to discharge his duty under the policy.
 

 While the word “subrogation” does not appear in Section 9510-4, that section clearly involves the principle of subrogation. That section is therefore made a part of every liability insurance policy in Ohio, where the claim is for personal injury or death. If the injured party is subrogated to the rights of the insured, those rights could only be made effective to him if he is permitted to comply with the terms and conditions of the policy, rather than depend upon the assured, who may conceivably not perform such conditions. This is the view taken of a similar statute in the state of Montana by the United States Circuit Court of Appeals of the Ninth Circuit, in the case of
 
 Slavens
 
 v.
 
 Standard Accident Ins. Co.,
 
 27 F.(2d), 859. The court in that case declared the injured party to be a beneficiary and a real party in interest. The same court declared the same principle in construing a similar statute in California, in the case of
 
 Metropolitan Casualty Ins. Co. of N. Y.
 
 v.
 
 Colthurst,
 
 36 F.(2d), 559. Similar conclusions were reached in the case of
 
 Bachman
 
 v.
 
 Independence Indemnity Co.,
 
 112 Cal. App., 465, 297 P., 110, 298 P., 57, and it was further decided in that case that, where the insurance company disclaimed liability and refused to proceed with the defense of the assured, the court would not require the injured party to perform the useless act of giving the notice. In the opinion it was stated by the court that it is not in the power of the insurer, nor of the insured, to defeat by voluntary act the statutory right given to the injured person to bring an action on the policy after judgment is recovered against the insured. The same conclusions were reached in
 
 Lowe
 
 v.
 
 Fidelity & Casualty Co. of N. Y.,
 
 170 N. C., 445, 87 S. E., 250, and
 
 Thomas Kilpatrick & Co.
 
 v.
 
 London Guarantee & Accident Co.,
 
 121 Neb., 354, 237 N. W., 162.
 

 That the statement and promise made by Keane to
 
 *587
 
 Helman are sufficient in law to create an estoppel finds complete support and authority in the fifth syllabus of
 
 Globe Indemnity Co.
 
 v.
 
 Wassman,
 
 120 Ohio St., 73, 165 N. E., 579:
 

 “Where the authorized agent of a surety company represents to claimants, who are required to furnish the surety with a statement under Section 2365-3, General Code, that their claims are correct and will be paid and that the claimants need do nothing further in respect to their claims, and, relying upon such representations, the claimants fail to comply with such statutory requirement, and, by reason of such assurance are induced to inaction, thereby altering their position to their prejudice, the surety is estopped from thereafter asserting its right to a compliance with the statute on the part of the claimants.”
 

 It should be added that the conclusions we have reached in this case are not in any sense in conflict with the decision of
 
 Stacey
 
 v.
 
 Fidelity & Casualty Co.,
 
 114 Ohio St., 633, 151 N. E., 718. Reaffirming the doctrine that the rights of the injured party rise no higher than the rights of the assured under the policy of insurance, and that the insurance company is entitled to full performance of each and every condition of the policy, we are nevertheless of the opinion that those terms and conditions can be complied with by the injured party, who, by Section 9510-4, is subrogated to the rights of the insured, and therefore obligated to the performance of his duties.
 

 The conclusions we have reached are based upon the fact that the injured party relied upon the statement of the adjuster that he would not defend Anderson and that the attorney for the injured party need not give the required notice; that by that statement the injured party was induced to inaction, thereby altering the position of the injured party to his prejudice, by reason of which the insurance company is estopped from thereafter asserting its right to a compliance with
 
 *588
 
 the condition requiring notice to be given.
 

 The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Day, Kinkade and Stephenson, JJ., concur.