## BUILDERS & MANUFACTURERS MUT. CASUALTY CO. v. HUMMON.

### No. 4089.

District Court, N. D. Ohio, W. D.
March 24, 1939.

Siegfried Geismar, of Cincinnati, Ohio, Wm. A. Finn, of Toledo, Ohio, and Klein & Diehm, of Cleveland, Ohio, for plaintiff.

Burket & Burket, of Findlay, Ohio, and Wilbur E. Benoy, of Columbus, Ohio, for defendant.

KLOEB, District Judge.

On and prior to October 17, 1933, one Dwight W. Hummon, of Findlay, Ohio, was the owner and operator of a truck on which he carried public liability, property damage and collision insurance extended by the Preferred Automobile Insurance Company, a corporation of Grand Rapids, Michigan. The policy carried a "five and ten" limit for public liability, and there is evidence to the effect that Hummon applied for this coverage in order to protect himself in his activities as an intrastate trucker. The public liability coverage required of interstate truckers by the Public Utilities Commission of Ohio was far in excess of the "five and ten" limits of the Hummon policy.

Frank W. and Charles K. Green were a partnership with headquarters at Cleveland, Ohio, and doing business as "Buffalo and Ohio Transfer Company". This concern carried a blanket policy on the gross receipts payment plan, and in compliance with the requirements of the Pub-

lic Utilities Commission of Ohio covering interstate truckers, in the Builders and Manufacturers Mutual Casualty Company, a corporation of Chicago, Illinois. This policy covered public liability with a "$25,000.00–$50,000.00 limit".

On the 17th day of October, 1933, while Dwight W. Hummon was engaged in the business of the Buffalo and Ohio Transfer Company, hauling an interstate cargo from the City of Buffalo, New York, to the City of Cleveland, Ohio, in his own truck, his truck collided with an automobile operated by one J. R. Van Norman on State Route No. 20 about one and one-half miles east of North Kingsville, Ohio, and Van Norman was seriously injured and one Ida Olle was killed.

J. R. Van Norman filed a petition in the Common Pleas Court of Ashtabula County, Ohio, against Frank W. Green and Charles K. Green, doing business as "Buffalo and Ohio Transfer Company", praying for damages in the sum of $25,000. John Olle, as Administrator of the Estate of Ida Olle, deceased, likewise filed a petition in the Common Pleas Court of Ashtabula County, Ohio, against the same defendants because of the wrongful death of Ida Olle.

The Builders and Manufacturers Mutual Casualty Company, hereinafter referred to as the "Mutual Company", as the insurer of the defendant Buffalo and Ohio Transfer Company, made settlement of these claims and caused the dismissal of these actions before judgment by paying to Van Norman the sum of $6,500, and to John Olle, as Administrator, the sum of $2,500. In addition, the Mutual Company claimed to have expended the sum of $750 for Counsel fees and investigation expenses.

On April 17, 1935, the Mutual Company filed its petition in this Court against Dwight W. Hummon, praying for judgment in the sum of $9,750, with interest. The plaintiff claimed that it became subrogated to the rights of the principal, to-wit, the Buffalo and Ohio Transfer Company, as against the defendant Hummon. No assignment was pleaded or proven from the Transfer Company to the Mutual Company, and no assignment was pleaded or proven of any rights, interests or claims of Van Norman and Olle against Hummon. On the contrary, it appears from the record that Van Norman and Olle, at the time of the settlement of their suits,

extended to the Transfer Company and to Hummon a complete release of all rights, claims or demands that they may have had against them.

On June 5, 1937, the Mutual Company, under orders of the Director of Insurance of the State of Illinois, reinsured all its business and transferred its assets to the Builders and Manufacturers Casualty Company, a newly formed stock corporation in the State of Illinois, and the Mutual Company surrendered its Charter.

On October 5, 1937, the case of the Mutual Company against Hummon came on for hearing on its merits in this Court. An Answer had been filed by Hummon and depositions had been taken preparatory to trial. On the morning of October 5 there was presented to the Court a written waiver of jury and consent to trial before the Court, signed by the Attorneys representing both parties. The case came on for trial, but neither Hummon nor his Counsel appeared and offered a defense. The plaintiff offered some evidence and judgment was entered for the Mutual Company in the sum of $11,665.27.

December 29, 1937, the Mutual Company filed a supplemental petition in the original cause in this Court, and including Preferred Automobile Insurance Company, hereinafter referred to as "Preferred", a party defendant. This supplemental petition was filed pursuant to the provisions of Section 9510-4 of the General Code of Ohio. It sought to recover from "Preferred" the sum of $11,665.27, which was the judgment theretofore recovered in this Court against Hummon. The supplemental petition sets up that the Mutual Company was required to pay, as the insurer of Hummon's employer, the sum set forth in the original petition and by reason of which the judgment against Hummon was rendered; that the said judgment against Hummon is wholly unsatisfied and unpaid. It further recites that, under the provisions of Section 9510-4 the new defendant, "Preferred", is indebted to plaintiff, the Mutual Company, in the sum of $11,665.27, together with interest. To this supplemental petition the "Preferred" filed its separate answer and cross petition, in which it admits that this proceeding is attempted to be brought as a supplemental proceeding pursuant to the provisions of Section 9510-4, but denies that plaintiff is entitled, by virtue of said Section, to maintain said action against this defendant;

denies that plaintiff is a judgment creditor, or his successor in interest, within the meaning of Section 9510-4, and says that this action is not maintainable by plaintiff under the terms and conditions of said Section; asserts that Hummon was an assured under the terms and conditions of plaintiff's policy covering the Transfer Company; denies that the policy of the "Preferred" covered the said Hummon when his truck was rented or leased, and asserts that it was rented to the Transfer Company at the time of the collision on October 17, 1933; asserts by way of cross petition that Hummon represented to the "Preferred" that his vehicle was not to be used in interstate commerce nor be subject to the rules and regulations of the Public Utilities Commission of Ohio, and that his vehicle was to be used solely in intrastate delivery; asserts further that the contract of insurance issued by it to Hummon contained a provision that it should be void if the assured has failed to give, has concealed or misrepresented in writing or otherwise, any facts or circumstances whatever concerning this contract. Wherefore, the "Preferred" company prays that the supplemental petition be dismissed and that the judgment and decree of this Court may be entered, adjudging its policy of insurance so issued to Hummon null and void.

On April 14, 1938, Ernest Palmer, Director of Insurance of the State of Illinois, was appointed Liquidating Agent of the Builders and Manufacturers Casualty Company, which was the stock Casualty Company in which the Mutual Company had theretofore merged its assets.

On October 17, 1938, the case of the Mutual Company on its supplemental petition against the "Preferred" company came on for hearing on its merits, with waiver of jury, and was submitted to the Court. Plaintiff moved the Court to amend the entry of judgment in the original proceedings against Hummon by a substitution of the Builders and Manufacturers Casualty Company as plaintiff for the Builders and Manufacturers Mutual Casualty Company, and for leave further to permit the substitution in the supplemental action of Ernest Palmer, Director of Insurance of the State of Illinois, and Liquidating Agent for Builders and Manufacturers Casualty Company, as plaintiff for the Builders and Manufacturers Casualty Company. These motions were taken under advisement by the Court and the case was presented. At the conclusion thereof the parties both moved the Court for judgment on the pleadings and the evidence.

Section 9510-4 of the General Code of Ohio reads as follows: "Upon the recovery of a final judgment against any firm, person or corporation by any person, including administrators and executors, for loss or damage on account of bodily injury or death, for loss or damage to tangible or intangible property of any person, firm, or corporation, for loss or damage on account of loss or damage to tangible or intangible property of any person, firm, or corporation, for loss or damage to a person on account of bodily injury to his wife, minor child or children if the defendant in such action was insured against loss or damage at the time when the rights of action arose, the judgment creditor or his successor in interest shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor or his successor in interest, to reach and apply the insurance money to the satisfaction of the judgment, may file in the action in which said judgment was rendered, a supplemental petition wherein the insurer is made new party defendant in said action, and whereon service of summons upon the insurer shall be made and returned as in the commencement of an action at law. Thereafter the action shall proceed as to the insurer as in an original action at law."

I am of the opinion that the purpose and intent of the Legislature in enacting this Section was to give to the "judgment creditor or his successor in interest", in the original tort action brought to recover damages, the right to reach and apply the insurance money to the satisfaction of the judgment, if there be insurance money available. In the original tort action in the Court of Common Pleas of Ashtabula County, Ohio, had it been asserted that the "Preferred" company was the insurer, then the claim should have been made after judgment rendered in the cases of Van Norman and Olle, Administrator, and the action, in order to be in conformity with the provisions of Section 9510-4,

should have been by way of a supplemental petition against the "Preferred" company and in connection with the Ashtabula suits.

It appears to me that Section 9510-4 of the General Code of Ohio attempts to create a contract for the benefit of a third party. In this I am supported in the opinion of Chief Justice Marshall in the case of Hartford Accident & Indemnity Co. v. Randall et al., 125 Ohio St. 581, at pages 586 and 587, 183 N.E. 433, at page 435, wherein we find the following: "While the word 'subrogation' does not appear in section 9510-4, that section clearly involves the principle of subrogation. That section is therefore made a part of every liability insurance policy in Ohio, where the claim is for personal injury or death. If the injured party is subrogated to the rights of the insured, those rights could only be made effective to him if he is permitted to comply with the terms and conditions of the policy, rather than depend upon the assured, who may conceivably not perform such conditions. * * * The court in that case declared the injured party to be a beneficiary and a real party in interest. * * * In the opinion it was stated by the court that it is not in the power of the insurer, nor of the insured, to defeat by voluntary act the statutory right given to the injured person to bring an action on the policy after judgment is recovered against the insured. * * * Reaffirming the doctrine that the rights of the injured party rise no higher than the rights of the assured under the policy of insurance, and that the insurance company is entitled to full performance of each and every condition of the policy, we are nevertheless of the opinion that those terms and conditions can be complied with by the injured party, who, by section 9510-4, is subrogated to the rights of the insured, and therefore obligated to the performance of his duties."

In the case of Stacey v. Fidelity & Casualty Co. of New York et al., 114 Ohio St. 633, 151 N.E. 718, we find in the opinion of Chief Justice Marshall, at page 641, 151 N.E. at page 720, the following: "The reasonable interpretation to be put upon the language of section 9510-4 is that the injured party should be substituted for the assured and subrogated to all of his rights and only such rights as the assured might have been able to maintain against the insurance company when seeking to be indemnified".

In the original tort action in Ashtabula County, Van Norman and Olle instituted their proceedings against the Buffalo and Ohio Transfer Company only. If they had been successful in obtaining judgments against the defendant company, and these judgments had remained unsatisfied for a period of thirty days after the date when they were rendered, then they would have been in a position to have invoked the provisions of Section 9510-4 which had then placed within their reach a contract created for their benefit, and they might have then filed supplemental petitions in the Common Pleas Court of Ashtabula County, Ohio, against the Builders and Manufacturers Mutual Casualty Company. Instead of permitting this course to be followed the Mutual Company, apparently recognizing the liability under its contract to the Transfer Company, settled the claims against the Transfer Company by payments to Van Norman and Olle. This action of theirs in settling these claims either constituted a recognition on the part of the Mutual Company of their liability under their contract, or they paid as a volunteer. The Transfer Company might have entered a defense denying any liability on its part and asserting that Dwight W. Hummon was solely liable. Had Dwight W. Hummon been made a defendant or a party defendant in these suits, and judgments had been obtained against him, then the injured parties, to-wit, Van Norman and Olle, upon their judgments remaining unsatisfied for thirty days, might have invoked the provisions of Section 9510-4 against the "Preferred" company. Hummon, however, was not made a party defendant, and when settlement had been made by the Mutual Company acting for the Transfer Company, they received from Van Norman and Olle full and complete releases of all claims and demands and rights that they might have against not only the Transfer Company, but also against Dwight W. Hummon.

Nowhere does it appear that the plaintiffs in the tort actions ever made assignments of any claims to the Transfer Company or to the Mutual Company. I am of the opinion that the words "or his successor in interest", found in Section 9510-4, refer to the "successors in interest" of the injured party. I cannot construe it otherwise. The purpose of the Statute clearly is to enable the injured

party to realize on his judgment for his injuries from an insurance company that had issued a policy of insurance on the defendant in the tort action. When the plaintiff or plaintiffs in the tort action have been paid, and a release has been procured in advance of judgment, such as was done in these cases in Ashtabula County, there is no necessity whatever for invoking Section 9510-4. There can be no "successors in interest" after the claims have been satisfied. Furthermore, when the claims are satisfied in advance of judgment, then there has been no recovery of a final judgment against a defendant, and hence no right of action under Section 9510-4. In the case of Canen, a Minor, v. Kraft et al., 41 Ohio App. 120, 180 N.E. 277, the Court, at page 121, 180 N.E. at page 277, states the following principle: "Under the provisions of sections 9510-3 and 9510-4, General Code, no proceeding may be had against the insurance company by the injured person until the right of action for personal injury is reduced to judgment".

 After the Mutual Company had satisfied these claims, and, as it states, had become subrogated to the rights of the Transfer Company, it brought its action against Hummon in the Federal Court. I am not questioning the propriety of that action. No defense was made by Hummon at the time of trial. Judgment was entered against him and the Mutual Company had its right to seek to satisfy that judgment. However, it is not permitted to file a supplemental petition in the Hummon case in the Federal Court against the "Preferred" insurance company and thus subject this company to the restrictions and limitations imposed by Section 9510-4. Whether the plaintiff company has any rights independent and aside from the provisions of Section 9510-4 is not a matter for this Court to determine. Whether they should have proceeded against the "Preferred" insurance company in an action to determine which of the parties was primarily responsible for the accident is not a matter before this Court. They have attempted to proceed under the provisions of Section 9510-4, and I am of the opinion, for the reasons heretofore enumerated, that this section does not clothe the plaintiff company with authority to file its supplemental petition in this Court. Having arrived at this conclusion, it is unnecessary to pursue the question

raised by the failure of the Builders and Manufacturers Casualty Company to move for substitution as the party plaintiff between the dates of June 5, 1937 and October 5, 1937, when and after the Mutual Company had merged its assets into the Casualty Company and had surrendered its Charter. It will be noted that no move was made looking to substitution until October 17, 1938, long after term.

It is also unnecessary, in view of the conclusion arrived at, to pursue further the defenses raised as to whether the actions of Hummon voided his policy with the "Preferred", as to whether the "Preferred" had notice as required by the conditions of its policy, and as to whether Hummon, while working in the interest of the Transfer Company at the time of the collision, was an agent or employee of the Transfer Company, or whether he was an independent contractor.

The motion of the plaintiff company for judgment on the pleadings and the evidence is overruled. The motion of the defendant Preferred Automobile Insurance Company is sustained. The supplemental petition is dismissed. Exceptions saved to plaintiff.