ALMS & DOEPKE CO., APPELLEE, *v.* JOHNSON ET AL., APPELLEES; OHIO FARMERS INDEMNITY. CO., APPELLANT.

(No. 7824—Decided March 8, 1954.)

*Mr. Anthony J. DeCenso* and *Mr. Julius Samuels,* for appellee.

*Mr. Leo J. Brumleve, Jr.,* and *Mr. Edward J. Utz,* for appellant.

MATTHEWS, P. J. This action was commenced in the Court of Common Pleas of Hamilton County, Ohio, on August 15, 1952, against Marian C. Johnson, against whom the plaintiff had theretofore obtained a judgment for $443.59, in the Municipal Court of Cincinnati, Ohio Farmers Indemnity Company, a corporation,.and Lester W. Bright. It alleged that it had caused execution to be issued on such judgment, which had been returned unsatisfied, and that Marian C. Johnson did not have sufficient real or personal property subject to execution to satisfy the judgment.

Plaintiff alleged also that Ohio Farmers Indemnity Company and Lester W. Bright had property, money, and credits in their possession belonging to Marian C. Johnson.

The prayer is that Ohio Farmers Indemnity Company and Lester W. Bright be enjoined from paying anything to Marian C. Johnson, and that her property in their possession be applied in satisfaction of plaintiff's judgment against her.

The court found in favor of the plaintiff and rendered judgment in its favor. This appeal is from that judgment.

While the defendants filed general denials, there is actually no dispute on essential facts. The plaintiff's judgment against Marian C. Johnson was rendered on November 6, 1948. On February 1, 1952, she was injured in a collision with an automobile owned and operated by the defendant Lester W. Bright, resulting in a claim by her against him for damages. At that time, Lester W. Bright and Betty S. Bright, his wife, were the insured in a policy of insurance issued to them by the defendant Ohio Farmers Indemnity Company in which it agreed, under certain conditions, to protect them against loss resulting from claims for damages for personal injuries inflicted in the operation of a described automobile.

Subject to certain conditions, the following is the provision fixing its liability.

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance, or use of the automobile."

On September 11, 1952, Marian C. Johnson com-

menced an action in the Common Pleas Court of Hamilton County for damages on account of the personal injuries sustained by her in the collision with the automobile owned and operated by the defendant Lester W. Bright.

On September 25, 1952, the defendant Ohio Farmers Indemnity Company paid Marian C. Johnson the sum of $4,000, "in full satisfaction and discharge of all claims against Lester W. Bright accrued or to accrue with respect to * * * all injuries * * * arising from an accident occurring on or about the 1st day of February, 1952."

The defendants in the action now before the court were served with summons on August 15, 1952, so that there can be no doubt that Ohio Farmers Indemnity Company must be charged with knowledge of the plaintiff's unsatisfied judgment at the time it made payment to Marian C. Johnson, the judgment debtor. Therefore, we assume that this case must be determined as though the payment had not been made. It is not claimed otherwise.

The first subject to be considered is the legal status of the parties under the insurance policy issued by Ohio Farmers Indemnity Company to Lester W. Bright and his wife. It seems clear that when it was issued, the only parties to it were the insurer and the insured, who were also the beneficiaries. The time for performance by the insurer was when injury was inflicted through the wrongful act of the insured. It then became the insurer's duty, upon notice, to defend and protect, but that duty was owed to the insured, that is, to Lester W. Bright and his wife. It owed no duty under the policy, or otherwise, to Marian C. Johnson. It so happened that its duty to defend and indemnify the insured placed it in opposition to her. Ohio Farmers Indemnity Company was

not obligated to her in any way, and, of course, it was not obligated to the Alms & Doepke Company. It was obligated to Lester W. Bright, against whom Marian C. Johnson had a claim resulting from the physical injury she had received in the collision with the automobile owned and operated by Bright.

Considering the plaintiff's case, as based solely on the rights of the parties as determined by the policy of insurance and unaffected by any statutory provision, it presents the question of whether a judgment creditor, either by proceedings in aid of execution or by creditor's bill, can subject to the payment of its judgment a debt due to a debtor of the judgment debtor. It seems clear to us that this cannot be done. It would violate the fundamental rule that only the property of the judgment debtor can be subjected to the satisfaction of the judgment. Certainly, in the absence of a statute to the contrary, the judgment debtor, Marian C. Johnson, was not a party to the policy of insurance, either expressly or by implication. The policy was issued to and for the protection of Lester W. Bright and his wife. It is true that their protection might require payment to Marian C. Johnson, but that certainly would not place her in the class of third party beneficiaries. She had no property right of any sort in the policy of insurance. Her debtor was the owner of that chose in action.

We have been cited to no Ohio case in which this subject has been discussed, and we have found none. However, in other jurisdictions, relevant decisions are not lacking. As frequently happens as to fundamental principles, the cases are not numerous.

In *Jones* v. *Huntington*, 9 Mo., 249, a much stronger appeal to the conscience of the chancellor was presented, and still the chancellor denied relief. Jones had recovered a judgment against Hamilton, upon

which execution had been issued and returned unsatisfied. Myers, of the state of Illinois, who was indebted to Hamilton, was beyond the jurisdiction of the Missouri court. Huntington, of Missouri, was indebted to Myers. The creditor's bill sought to subject the debt due by Huntington to Myers to the Jones judgment against Hamilton, on the ground that Myers was a nonresident. Myers entered his appearance and demurred to the bill.

In affirming the action of the trial court, sustaining the demurrer and dismissing the action, the Supreme Court said, at page 250:

"It is hard to imagine a ground on which this proceeding can be sustained. Myers, being a nonresident, and having nothing here on which the jurisdiction of a court of equity could attach, was improperly made a party, and under such circumstances no court would have been warranted in rendering a decree against him. Such a decree would have been null and void. The objection however arising from the fact of his nonresidence has been obviated by his appearing in court, and entering a demurrer to the bill. He can no longer insist that the courts of this state have no jurisdiction of his person. But although he has given the complainant this advantage, on what principle can he support his proceeding? The case in the bill would go a bow-shot further than any yet has gone. A debtor of the defendant in the execution has, under some circumstances, been made to pay his debt to the plaintiff, but by this bill the plaintiff in an execution seeks to recover his debt from one who is indebted to the debtor of the defendant."

And, at page 251, *ibid.*, it is stated:

"It is a begging of the question, to say, that the complainant has a right against the debtor of Myers. The effect of the argument is, that a creditor may, in a

court of equity, compel a third person to pay his debt, because his debtor is unable to do it.''

There are other cases in which the same principle has been applied. It is found stated by many writers on the subject. In discussing creditor's bills in 14 American Jurisprudence, 714, Section 76, it is stated:

''While a judgment creditor may in equity reach a debt due his debtor, he cannot go further and reach a debt to the debtor of his debtor.''

Also, in 21 Corpus Juris Secundum, 1066, Section 16, it is emphasized in bold face type that: ''A debt due to a debtor of the debtor is not subject to a creditor's bill,'' and cited in support of the text, among other cases, is *Jones* v. *Huntington, supra.*

We conclude both upon reason and authority that a debt due to a debtor of a judgment debtor cannot be subjected to the judgment debt by any proceeding known to the law.

The final question is whether Sections 9510-3 and 9510-4, General Code (Sections 3929.05 and 3929.06, Revised Code), have so altered the relations between indemnity companies and the insured as to enable the injured person after securing a judgment against the insured to require the insurer, by proceedings in aid or by a creditor's bill, to pay such judgment under favor of Section 11760 *et seq.,* General Code (Section 2333.01 *et seq.,* Revised Code). The action at bar is an independent original action brought under Section 11760, General Code, as distinguished from an ancillary proceeding in aid of execution, such as is authorized by subsequent sections; and it is suggested that the judgment creditor, by resorting to the independent civil action, can reach assets beyond those that could be reached by an ancillary proceeding in aid of execution. That is undoubtedly true, but whichever remedy is pursued, the judgment creditor's rights are

limited to the rights of the judgment debtor. Only the judgment debtor's property can be applied to the satisfaction of the judgment against him. In pursuit of satisfaction of the judgment against the insured, the rights of the insurer cannot be invaded, destroyed or appropriated. That was the basic reason for our decision in *Marquis* v. *New York Life Ins. Co.*, 92 Ohio App., 389, 108 N. E. (2d), 227, holding that the cash surrender value of an unmatured life insurance policy could not be garnisheed where it could be done only in disregard of unsatisfied conditions beneficial to the insurer.

Under the terms of the policy, the liability of the insurer to the insured was subject to several conditions. The insured was required to give written notice of the accident as soon as practicable. If claim was made or suit commenced, every demand, notice or summons received was required to be forwarded to the insurer. Even though these conditions were fulfilled, still, no action could be brought until the amount of the insured's obligation had been finally determined, either by judgment against the insured after actual trial or by written agreement to which the insured, the injured person, and the insurer were parties, and after 30 days had transpired after due proof of performance of all such conditions had been filed with the insurer. Furthermore, the assistance and co-operation of the insured was made a condition and expressly bound them upon request to attend hearings and trials, to assist in effecting settlements, securing and giving evidence, obtaining attendance of witnesses and assisting in the conduct of the trial.

Having complied with all those conditions, the insured was given a cause of action against the insurer. The only mention of an action against the insurer by the injured person is in this provision of the policy:

"Any person or organization or legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy."

By Section 9510-3, General Code, it is enacted that every policy of insurance such as that issued by the Ohio Farmers Indemnity Company to Bright should become absolute immediately upon the insured becoming obligated on account of bodily injury from a casualty covered by the policy without requiring the insured to satisfy the claim as a condition precedent, and took away from the insurer and insured the power to cancel or rescind the policy thereafter. By Section 9510-4, General Code, any person injured was given the right to have the insurance money provided for in the policy applied on his judgment against the insured, and if his judgment was not satisfied within 30 days he was given a right to file a supplemental petition in the action in which the judgment had been rendered, making the insurer a party and, thereafter, to proceed as in an action at law. It will be observed that the policy is narrower than the statute. The policy authorizes an action only when the liability of the insurer has become fixed by agreement between the insured, the insurer and the claimant, or when fixed by judgment, whereas, the statute authorizes supplementary proceedings against the insurer on the policy to fix its liability at any time after 30 days from the rendition of the judgment against the insured.

We think it clear that at the time this action was commenced and summons served upon the defendants, the judgment debtor had no cause of action against the insurer. The liability of the insurer had not become fixed, either by agreement or judgment. The insured's liability had not been determined. The par-

ties were negotiating for a settlement and an agreement was not reached until some time thereafter, and no action could accrue against the insurer until 30 days thereafter.

We are of the opinion that neither under the policy nor the statute did the defendant Ohio Farmers Indemnity Company have a chose in action or property of any sort belonging to Marian C. Johnson at the time this action was commenced.

Sections 9510-3 and 9510-4, General Code, have been considered in several Ohio cases. The one that seems to be almost identical with the case at bar is *Fire Assn. of Philadelphia* v. *State Automobile Mutual Ins. Co.*, 29 Ohio Law Abs., 135, decided by the Court of Appeals of the Ninth Appellate District. That was a case in which an insurer settled with the insured after receiving notice from an injured third party of a claim against the insured. Thereafter, the third party sued the insurer. The question presented was whether Sections 9510-3 and 9510-4, General Code, gave a cause of action against the insurer in favor of the third party. On this subject the court said at page 138:

"Neither of these sections authorizes a direct action by the injured person or his assignee against the insurance company without first reducing the claim against the assured to judgment. Such judgment was not obtained in this case. We are therefore of the opinion that the judgment rendered by the trial court was correct."

In that case, the court pointed out that there was no evidence that the policy under consideration contained a provision authorizing a direct action by a third party, and, for that reason, the case was decided solely on the effect of the statute. It is true that the policy in the case at bar does authorize an action by a

third party under certain conditions, but those conditions were not complied with, and, therefore, the contract provision is of no assistance to the plaintiff.

It is said in the fourth paragraph of the headnotes in *Builders & Manufacturers Mutl. Casualty Co.* v. *Hummon*, 26 F. Supp., 929, affirmed, *Builders & Manufacturers Mutl. Casualty Co.* v. *Preferred Automobile Ins. Co.*, 118 F. (2d), 118, that:

"The Ohio statute providing that upon recovery of judgment for tort judgment creditor or his successor in interest may file supplemental petition making judgment debtor's insurer a party defendant and have insurance applied to judgment has no application when plaintiff in tort action has been paid and release has been procured in advance of judgment. Gen. Code Ohio, Section 9510-4."

See, also, *Canen* v. *Kraft,* 41 Ohio App., 120, 180 N. E., 277; *In Re Fay Stocking Co.*, 95 F. (2d), 961; and *Stacey* v. *Fidelity & Casualty Co. of New York,* 114 Ohio St., 633, 151 N. E., 718.

In *Hartford Accident & Indemnity Co.* v. *Randall,* 125 Ohio St., 581, 585, 183 N. E., 433, it is said:

"It must be held that by virtue of Section 9510-4, General Code, an injured person has a *potential* interest and a substantial right in the policy from the very moment of his injury, and although it *does not develop into a vested right* until a judgment is secured * * *." (Emphasis added.)

As we construe this language, it means that until the injured person obtains a judgment against the insured, such injured person has a mere possibility of a right against the insurer. It does not vest until he has obtained a judgment.

As already pointed out, at the time this action was instituted the injured person had no cause of action against the insurer. When it settled with her thereafter in accordance with the right given it by the pol-

icy that fact did not create a cause of action in favor of the injured person—the plaintiff's judgment debtor. And, certainly, it did not revert back to the time this action was commenced so as to bring into existence at that time property in Ohio Farmers Indemnity Company control belonging to the judgment debtor. As we view it, the valid provisions and conditions of the policy constituting conditions precedent to its liability, which were never performed by either the insured or the injured person, prevented a cause of action arising or vesting in either. The Ohio Farmers Indemnity Company performed its contract with the insured in exact accordance with its terms. It committed no breach either against the insured or the injured person.

In 14 American Jurisprudence, 681, Section 3, the identical aim of garnishment process and creditors' bills is pointed out, and it is there stated:

"In respect of debts due from third persons, it is said that the process of garnishment and a creditor's bill, are, in effect, instituted for the same purpose— namely, to reach money in the hands of a third party, due and owing from a judgment debtor to a judgment creditor."

In 38 Corpus Juris Secundum, 227, Section 26, the test to determine garnishability is stated as follows:

"The most comprehensive test of liability to garnishee process is whether or not the person sought to be charged could have been sued by the defendant."

For these reasons, the judgment is reversed and final judgment directed for the defendants.

*Judgment reversed.*

Ross and HILEDBRANT, JJ., concur.