Marshall, C. J.
 

 The action against the insurance company is based upon the provisions of Sections 9510-3 and 9510-4, which provide in part as follows:
 

 “Whenever a loss or damage occurs on account of a casualty covered by such contract of insurance, the liability of the insurance company shall become absolute, and the payment of said loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss/ or damage or death occasioned by such casualty.”'
 

 And again: “Upon the recovery of a final judgment * * * for loss or damage on account of bodily injury or death, if the defendant in such action was insured against loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in a legal action against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment.”
 

 It is insisted by plaintiff, that these statutory provisions should be read into the policy and become a part thereof, and it is further insisted by reason thereof the liability on the policy has
 
 *637
 
 become absolute and upon judgment being recovered against the assured the conditions in the policy hereinbefore enumerated are not binding upon the injured party, and the insurance company may not allege the failure to comply with those terms and conditions as a defense to a claim made by a judgment creditor holding a judgment recovered for damages growing out of injury which such policy was designed to indemnify.
 

 On the other hand, it is contended by the insurance company that the policy is a contract between the insurance company and the insured, and that the terms and conditions of the policy which required notice to be given of the accident, and of the claim, and of the suit, and an opportunity afforded to defend, are essential terms and conditions of the policy, and that a failure on the part of the assured to comply with those terms and conditions releases the insurance company from responsibility under its contract; that it was not the intention of the Legislature to give any greater rights to the injured party under the policy than would accrue to the assured. And it is further contended that, if the Legislature should attempt to confer upon the injured party any greater rights than those of the assured, its action would be a violation of the due process clause of the state and federal Constitutions.
 

 This court has declared upon the binding force and effect of similar terms and conditions in a liability insurance policy in the case of
 
 Travelers’ Ins. Co.
 
 v.
 
 Myers & Co.,
 
 62 Ohio St., 529, 57 N. E., 458, 49 L. R. A., 760, where it was declared that a stipulation in a policy requiring immediate written notice to the company of an accident, and other in
 
 *638
 
 formation, is of the essence of the contract which conld not be waived by an agent of the company without authority therefor. The opinion in that case cites a number of cases decided by courts of other states in harmony with the conclusions therein reached. We find those conclusions to be in harmony with the general trend of authority, and see no reason for departing from any of the pronouncements of this court in that case, except upon the subject of what constitutes immediate notice, which declaration was later disapproved by this •court in
 
 Employers’ Liability Assurance Corp.
 
 v.
 
 Roehm,
 
 99 Ohio St., 343, 124 N. E., 223, 7 A. L. R., 182. In that case the principles as to the requirements of notice, declared in
 
 Travelers’ Ins. Co.
 
 v.
 
 Myers,
 
 were reaffirmed, except upon the subject of what constitutes immediate notice, and those principles were applied to an indemnity policy.
 

 It being established that conditions requiring notice in liability and indemnity insurance are essential conditions of the policy, so far as the assured is concerned, it only remains to determine the legislative intent and the true meaning and scope of Sections 9510-3 and 9510-4, and to determine the rights thereby given to persons suffering loss and damage at the hands of the assured. If the language of Section 9510-3 should be taken in its literal sense, and the interpretation of the plaintiff be adopted, the insurance company would have no ground of defense, and immediately upon the occurrence of an accident, resulting in loss and damage, would be bound to pay, and all questions of contributory negligence, proximate cause, and other elements bearing upon the right to recover, would
 
 *639
 
 be eliminated. It must necessarily be assumed that tbe Legislature had no such intent. To give the section such meaning would necessarily render it invalid. Some interpretation should be put upon the language which will render it valid, and we think such interpretation is not far to seek. In declaring that the liability of the insurance company should become absolute it was intended that it should become absolute in the sense of the latter part of the same sentence, to-wit, “that the payment of the loss shall not depend upon the satisfaction by the assured of a final judgment against him for a loss or damage or death occasioned by such casualty.” If the policy of insurance should contain a clause exempting the insurance company from liability until after a judgment should be paid by the assured, this part of Section 9510-3 would be read into the policy and such a condition would no longer have binding force or effect. This provision would also have the effect of preventing collusion between the insurance company and the assured. Thus construed, the foregoing language has a salutary purpose and does not contravene any constitutional limitation.
 

 The provisions of Section- 9510-4, permitting legal action to be brought against the insurance company after judgment obtained against the assured, is more troublesome. In construing this language it is again the duty of the court to give to the statute such an interpretation as will prevent a declaration of unconstitutionality. Having already found that the conditions in the policy requiring notice were essential terms and conditions, and binding upon the assured, and it being apparent
 
 *640
 
 that those conditions were valuable to the insurance company, which materially affect the risk and facilitate the establishment of defenses to claims for damages, it is difficult to see upon what principle of law conditions binding upon the assured could be eliminated from the policy when claims are made by an injured party in a direct action.
 

 It does not appear in the instant case that there was any fraud or collusion between Stacey and Troyan, but to permit a recovery in favor of the injured claimant, under circumstances where the assured would have no right to indemnity under his contract, would open the door to the unlimited exercise of fraud and collusion. It is conceivable that accidents may occur hundreds of miles from the place where the insurance was written, and suit be brought where the possibility of notice and knowledge of the insurance company would be very remote. Even though the suit should be brought in the same jurisdiction where the policy is written, the insurance companies could not reasonably be required to be watchful of the dockets of the courts, and in any event the suit might be brought after the lapse of considerable time from the date of the injury, when all evidence which might have been obtained at an earlier date would have been lost. There are so many conceivable reasons why the same defenses should be made against the injured party as against the assured that it requires no elaborate course of reasoning to reach the conclusion that any effort to place the injured person in a favored position, contrary to the terms of the policy contract, would be in contravention of the due process clauses of the state and federal Con
 
 *641
 
 stitutions. Section 16, Article I, of the Ohio Constitution, requires that “all courts shall be open, and every person, for an injury done him in his land, goods, person or reputation, shall have remedy by due course of law,” etc. It would be a strange measure of justice which would open the courts to a plaintiff and at the same time close them against a defendant who has a perfectly good defense. ■ The reasonable interpretation to be put upon the language of Section 9510-4 is that the injured party should be substituted for the assured and subrogated to all of his rights and only such rights as the assured might have been able to maintain against the insurance company when seeking to be indemnified.
 

 Our attention has been called to the case of
 
 Lorando
 
 v.
 
 Gethro,
 
 228 Mass., 181, 177 N. E., 185, 1 A. L. B., 1374, construing a very similar statute and upon similar facts. Much of the reasoning of the court in that case may be adopted by this court in disposing of the instant case.
 

 Sections 9510-3 and 9510-4 are not unconstitutional when properly interpreted, and will doubtless serve a useful purpose, but may not be permitted to eliminate essential terms and conditions of policies of insurance.
 

 For the foregoing reasons the judgments of the lower courts will be affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Day and Kinkade, JJ., concur.