Carl E. Anderson
vs. } No. 78967.
American Automobile Ins. Co.

March 23, 1929.

TANNER, P. J. This is an action of debt on judgment alleging that the defendant had insured one Henry C. Miller against accident liability and that the terms of the policy included anyone who was operating the automobile with the permission of the assured; that the plaintiff obtained judgment against one Wilcox, who was operating with the permission of the said assured, on account of an accident caused by said Wilcox to said plaintiff in operating the automobile described in the defendant's policy of insurance; that plaintiff secured judgment against said Wilcox in the sum of $50,000 on account of injuries so suffered and that said judgment remains in full force and virtue, and that said action is brought by virtue of Sec. 7, Chapter 258 of the General Laws of 1923.

This declaration is demurred to, first, on the ground that it does not appear in the declaration that an execution was issued on said judgment named in the declaration and returned unsatisfied.

Demurrer upon this ground is overruled.

We do not think it is necessary to allege more than the declaration has alleged on this point.

The declaration on this point is in accordance with the precedents. The allegation that execution has been returned unsatisfied is one that is used in bills in equity to establish the equity jurisdiction by showing that the remedy at law has been exhausted. As this is an action at law it is unnecessary to add this allegation.

The next ground of demurrer is that the declaration does not allege that said Wilcox or Miller has performed all the terms, conditions or provisions of the policy of insurance alleged to have been issued by the defendant to said Miller.

If the policy had been properly brought before the Court and it revealed that there were any conditions precedent to the accrual of action, we think this demurrer would be good.

*Stacey* vs. *Fidelity & Casualty Co.*,
114 Ohio St. 633;

*Williams* vs. *Nelson*, 228 Mass. 191.

In the cases just cited the non-performance of conditions precedent were alleged in defence and it did not appear that any allegations of performance had been made by the plaintiffs in either of the cases. If the defendant had demurred because of the failure to make profert of the policy or excuse for not making profert, the Court could have sustained the demurrer for lack of profert if no excuse were made, and if excuse were made that the plaintiff couldn't make profert, the defendant might invalidate this excuse by offering a certified copy of the policy, upon which the plaintiff might have declared and the Court could then have sustained the demurrer if the policy revealed conditions precedent, which very likely it contained. Even if the defendant is obliged to plead these conditions precedent, it seems to us that he could still maintain that the burden of proof would be upon the plaintiff to establish performance of said conditions.

In this state of the pleadings, however, we feel obliged to overrule this cause of demurrer.

For plaintiff: William A. Gunning.
For defendant: Curran, Hart, Gainer & Carr.