Day, J.
 

 The questions presented by counsel in
 
 *337
 
 this case are: (1) Whether the insured notified the defendant company of the pendency of the action and the rendition of the judgment in the case of Mary Friedman against Harry Shevorsky; (2) whether the notice was given to one qualified to receive it; and (3) whether the policy covered the automobile causing the injury.
 

 As to the first and second grounds, we think there is evidence tending to support the claim of Mary Friedman that the defendant company received notification of the pendency of the action against Shevorsky, the pleadings themselves admitting that Shevorsky was insured by the „ defendant company on April 2, 1928, the day of the injury. The record discloses that an executive officer in charge of the company’s office in Cleveland, the person who usually received notifications in such matters, actually received the papers relative to the suit, the second day after the filing of such suit, from the hands of one Silber, a neighbor of Shevorsky and a former agent of plaintiff in error. Silber’s relation to the company at such time would be immaterial, provided
 
 actual notice
 
 was given to an executive officer of the defendant company.
 

 An executive is one vested with power to carry out such obligations as are intrusted to him, and charged with administrative duties relative to executing, performing, and carrying into effect the purposes of his employment. There is nothing in the record to contradict the testimony that such executive was the one who customarily received notice of accidents, to whom premiums were paid for the company, and who paid commissions. We think notice to such a person would be notice to the com
 
 *338
 
 pany. Plaintiff in error did not introduce any evidence to the contrary, nor even the policy of insurance to show any contrary provisions or conditions. The record containing evidence to support this conclusion, we think the Court of Appeals was right in not disturbing the verdict upon that ground.
 

 As to the third ground of alleged error, relative to the lack of proof as to the identity of the machine that caused the accident, the statement of claim filed in the municipal court recites as follows:
 

 “Further complaining, this plaintiff says that Harry Shevorsky and the automobile which he owned on the day of said accident, to wit: a Dodge sedan, were then and there insured by the defendant company, State Automobile Mutual Insurance Association of Columbus, Ohio, against liability on account of any suit or judgment for personal injuries occasioned while said Harry Shevorsky was driving the automobile in question.
 

 “Plaintiff further says that the policy of insurance of said State Automobile Mutual Insurance Association of Columbus, Ohio, was in full force and effect on April 2, 1928, being the time plaintiff sustained said injuries.”
 

 In the statement of defense by plaintiff in error, in the municipal court, the following appears:
 

 “Defendant admits that Harry Shevorsky was on the day of said accident insured by the State Automobile Mutual Insurance Association of Columbus, Ohio, against liability of suit or judgment for personal injuries occasioned while said Harry Shevorsky was driving the automobile
 
 so insured.
 

 “Defendant admits that said policy of insurance was in full force and effect on the second day of
 
 *339
 
 April, 1928, the time plaintiff received the alleged injuries.”
 

 The record discloses no conflicting evidence on this point, and the trial court was required to assume, upon motion for directed verdict, as fully proved all that the evidence tended to prove. We think a reasonable inference might be drawn from these admissions, and the admissions of Shevorsky himself, when on the witness stand, that the car that caused Mrs. Friedman’s injury was the one covered by the policy in question.
 

 On the entire record, we cannot find that any prejudicial error has intervened justifying a reversal of this judgment, it not appearing that there has been any failure to conform with the provisions of Section 9510-4, General Code, under which the action was brought, or with the interpretation thereof by this court as found in
 
 Stacey
 
 v.
 
 Fidelity & Casualty Company of New York,
 
 114 Ohio St., 633, 151 N. E., 718. The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Allen, JJ., concur.