WASSERMAN, A MINOR, *v.* THE ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., LTD.

(Decided February 9, 1931.)

*Mr. Thomas L. Michie* and *Mr. Moses Ruskin,* for plaintiff in error.

*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for defendant in error.

HAMILTON, J.   Plaintiff in error, Esther Wasserman, a minor, who was plaintiff below, brought an action under favor of Sections 9510-3 and 9510-4, General Code, against the defendant in error, defendant below, seeking to have insurance money applied toward the satisfaction of a judgment obtained by plaintiff for injuries growing out of an automobile accident.

At the close of plaintiff's case the court instructed a verdict for the defendant, stating as the ground failure to give notice of the injury and the suit thereon, under the provisions of the policy of insurance.

Judgment was entered on the directed verdict, and plaintiff in error brings this proceeding to reverse that judgment.

The ground for the instructed verdict is not presented here in this error proceeding to sustain the judgment, but it is contended that the directed verdict was correct, in that:   First, there was no evidence of the contract of insurance introduced by the plaintiff; and, second, that the court had no jurisdiction of the subject-matter of the action.

From the pleadings in the case, the opening statement of counsel for the defendant, and the evidence adduced by plaintiff, we are of opinion that there was sufficient evidence of a contract of insurance

covering the tort-feasor with the defendant company to require submission of the case to the jury.

Much is claimed for the fact that the paper writing, purporting to be the policy of insurance, is not the contract policy, and apparently counsel for the defendant in error rely on that claim in their contention that there was no evidence of a contract introduced.

The evidence tends to show that the paper writing was furnished counsel for the plaintiff by the agent of the insurance company, upon their request for a copy of the policy of insurance.

It is argued that this paper writing is nothing more than an application and does not constitute a contract. This may be true, but there are sufficient terms set forth to show the issuance of the policy, and the terms and conditions thereof. That such a policy was issued is shown by the rider on this paper, whether it be designated a policy or an application.

The evidence is, as testified to by witnesses, that it is the policy. On the paper is a rider, as follows:

"Name of Assured corrected to read: Samuel D. Hachen,

"Address: No. 213 E. 3rd Street, Cincinnati, Ohio.

"Occupation: With Hachen-Rothert Cigar Co.

"This endorsement to be effective as of 12:00 Noon of the 8th day of May, 1925.

"This endorsement is issued subject to such agreements, conditions, provisos, declarations and warranties as are contained in the policy to which it is attached, if not inconsistent herewith, and shall not

be binding upon the company until countersigned by a duly authorized agent of the company.

"Attached to and hereby made a part of Policy No. 1607525 of the Zurich General Accident and Liability Insurance Company, Limited, issued to Nathan Sax.

"Countersigned: Cincinnati, Ohio, May 8th, 1925."

It is also admitted in the answer and the opening statement of counsel that the company carried a policy on the machine in question. The number of the policy is in the rider. This paper was permitted to be introduced without objection. It might have been kept out on the objection that it was not the best evidence, but certainly it is some evidence of a contract of insurance, insuring the tort-feasor to the amount of $5,000, against personal injuries.

The theory of the defense in its pleadings and in the opening statements of counsel was that no notice had been given, under the terms of the policy, of the accident or of the suit. This is a matter of defense, and would not justify a directed verdict.

The second proposition, that the court had no jurisdiction of the subject-matter of the action, is based on the last part of Section 9510-4, General Code, wherein it is stated that "the judgment creditor may proceed in a legal action against the defendant and the insurance company   *   *   *."

It is argued that to give the court jurisdiction of the subject-matter, the defendant and the insurance company must be joined in the action, and that since the suit was against the insurance company alone the court had no jurisdiction of the subject-matter of the action. We cannot agree with counsel in this

proposition. If it was necessary to join the defendant and the insurance company, failure to do so would constitute a defect of parties defendant, or want of necessary parties, which ought to be challenged by demurrer; all of which goes to the question of parties and not to the subject-matter of the action. The defendant did not demur, but answered, setting up three defenses, none of which goes to the question of parties, and went to trial without objection. The defendant could and did waive any defect or want of parties defendant.

The cases of *Stacey* v. *Fidelity & Casualty Co.*, 114 Ohio St., 633, 151 N. E., 718, and *State Automobile Mutual Ins. Assn. of Columbus* v. *Friedman*, 122 Ohio St., 334, 171 N. E., 591, are helpful in arriving at the conclusion herein announced.

The judgment will be reversed, and the cause remanded to the court of common pleas for a new trial and further proceedings according to law.

*Judgment reversed and cause remanded.*

Ross, P. J., and Cushing, J., concur.