Turner, J.,
 

 dissenting. The foregoing opinion follows the recent decisions of this court, which are bottomed upon the case of
 
 Stacey
 
 v.
 
 Fidelity & Casualty Co. of New York,
 
 114 Ohio St., 633, 151 N. E., 718. Ordinarily, I would acquiesce under the rule of
 
 stare decisis.
 

 However, it is the duty of this court to enforce all constitutional enactments of the Legislature and, being of the opinion that the majority decision does not give due effect to Sections 9510-3 and 9510-4, General Code, I am registering my dissent.
 

 The transaction of the business of insurance in Ohio requires a license and may be exercised only in compliance with the laws of this state (22 Ohio Jurisprudence, 227, Section 41), which become a part of the insurance contract (22 Ohio Jurisprudence, 347, Section 189).
 

 Regardless of any provision contained in the insurance policy, the laws of Ohio must prevail and any policy provision, condition, or agreement contrary to statute must fall. In the case of
 
 Verducci
 
 v.
 
 Casualty Co. of America,
 
 96 Ohio St., 260, 117 N. E., 235, this court held:
 

 “1. The business of insurance is one of public interest, affecting all classes of people and property, and is therefore properly the subject of legislative regulation and control.
 

 “2. Domestic and foreign corporations engaged in
 
 *370
 
 the insurance business in Ohio must conform their business and contracts to the provisions of the statutes of Ohio regulating and controlling the same.”
 

 Sections 9510-3 and 9510-4, General Code, are supplementary to Section 9510, General Code, under which companies are organized or permitted to do insurance business in Ohio.
 

 Section 9510-3, General Code, provides:
 

 “In respect to every contract of insurance made between an insurance company and any person, firm or corporation by which such person, firm or corporation is insured against loss or damage on account of the bodily injury or death by accident of any person for which loss or damage such person, firm or corporation is responsible, whenever a loss or damage occurs on account of a casualty covered by such contract of insurance, the liability of the insurance company shall become absolute, and the payment of said loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, or damage or death occasioned by such casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the insurance company and the assured, after the said assured has become responsible for such loss or damage or death, and any such cancellation or annulment shall be void.”
 

 Section 9510-4, General Code, provides:
 

 “Upon the recovery of a final judgment against any firm, person or corporation by any person, including administrators and executors, for loss or damage on account of bodily injury or death, for loss or damage to tangible or intangible property of any person, firm or corporation, for loss or damage to a person on account of bodily injury to his wife, minor child or children if the defendant in such action was insured against loss or damage at the time when the rights of action arose, the judgment creditor or his successor in interest shall be entitled to have the insurance money
 
 *371
 
 provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor or his successor in interest, to reach and apply the insurance money to the satisfaction of the judgment, may file in the action in which said judgment was rendered, a supplemental petition wherein the insurer is made new party defendant in said action, and whereon service of summons upon the insurer shall be made and returned as in the commencement of an action at law. Thereafter the action shall proceed as to the insurer as in an original action at law.”
 

 While there is no legal obligation on the part of an insured to take out a policy indemnifying against loss on account of injuries to third persons, yet when it is taken out it becomes, by virtue of Sections 9510-3 and 9510-4, General Code,
 
 a contract made for the benefit of a third party.
 
 Such contract may be can-celled or annulled
 
 prior
 
 to any accident. But if the policy is in force
 
 at the time of the accident
 
 “the liability of the insurance company shall become absolute” and “no such contract of insurance shall be cancelled or annulled by any agreement between the insurance company and the assured, after the said assured has become responsible for such loss or damage or death, and any such cancellation or annulment shall be void.”
 

 I thoroughly disagree with the holding in
 
 Stacey
 
 v.
 
 Fidelity & Casualty Co. of New York, supra,
 
 that such “contract of insurance becomes absolute only in the sense that the payment of loss by the insurance company shall not depend upon the satisfaction by the assured of a final judgment against him for loss or damage or death occasioned by such casualty.” There is no “only” or any other limitation in the statute. Instead, there is the positive provision that prevents
 
 *372
 
 the parties, even by mutual agreement, from cancelling or annulling the policy after the happening of the accident. Certainly, there is no right in one party to do without agreement what both may not do by agreement. Yet the majority in the instant case holds that the insurance company may of its own accord repudiate this contract and avoid the rights of an injured party whose rights had theretofore become fixed under the above-quoted statutes.
 

 In the
 
 Stacey case,
 
 the court was worried about the possible unconstitutionality of Sections 9510-3 and 9510-4, General Code, and felt that it was required to give a constitutional interpretation to what was thought to be a doubtful statute. At page 639 of the opinion, it is said: “In construing this language it is again the duty of the court to give to the statute such an interpretation as will prevent a declaration of unconstitutionality.” At the close of the opinion, it is said: “Sections 9510-3 and 9510-4 are not unconstitutional when properly interpreted, and will doubtless serve a useful purpose,
 
 but may not be permitted to eliminate essential terms and conditions of policies of insurance.”
 
 (Italics mine.)
 

 Had this been said in reference to a policy issued prior to the enactment of these sections, I could readily agree. But when it comes to contracts of insurance entered into subsequent to the enactment of these statutes, then there can be no question of unconstitutionality because insurance business in this state may be transacted only in accordance with the statutes of this state, which become a part of and modify or extend every contract of insurance written in this state so as to effect the purpose of the statute. In the
 
 Stacey case,
 
 no notice was taken of
 
 Verducci
 
 v.
 
 Casualty Co. of America, supra.
 
 Had the latter case been studied, it would be difficult to understand the concern of the court in the
 
 Stacey case
 
 about the constitutionality of the statute there being construed.
 

 
 *373
 
 In the course of the
 
 Stacey
 
 opinion, the court also said at page 638: “If the language of Section 9510-3 should be taken in its literal sense, and the interpretation of the plaintiff be adopted, the insurance company would have no ground of defense, and immediately upon the occurrence of an accident, resulting in loss and damage, would be bound to pay, and all questions of contributory negligence, proximate cause, and other elements bearing upon the right to recover, would be eliminated. It must necessarily be assumed that the Legislature had no such intent. To give the section such meaning would necessarily render it invalid.” There is thus put up a straw man to destroy.
 

 Sections 9510-3 and 9510-4, General Code, are parts of a single act (108 Ohio Laws, pt. 1, 385, and 115 Ohio Laws, 403). ' When these two sections are construed together, as they should be, it is at once apparent that the right of recovery by the injured person from the insurance company depends upon the prior recovery by the injured person of a judgment in an action for damages brought against the insured. In the action for damages, the insured (the insurance company under its policy defends the damage action for the insured) has the full right and opportunity to try out all questions of contributory negligence, proximate cause, and other elements bearing upon the right of the ■injured party to recover.
 
 When the recovery is made in the action for damages,
 
 then by virtue of Section 9510-3, General Code, the questions of contributory negligence, proximate cause and other elements bearing upon the right to recover are
 
 res judicata
 
 between the injured party, the insured and the insurance company.
 

 If there were any doubt about the meaning of the words in Section 9510-3, General Code, that “the liability of the insurance company shall become absolute,” such doubt ought to be dispelled by the language of Section 9510-4 that “upon the recovery of a final
 
 *374
 
 judgment * * * for loss or damage * *
 
 *
 
 if the defendant in such action was insured against loss or damage
 
 at the time when the rights of action arose,
 
 the judgment creditor * * * shall he entitled to have the insurance money * * * applied to the satisfaction of the judgment * * V’ (Italics mine.)
 

 What the majority holds in the instant case is that notwithstanding the defendant was insured
 
 at the time when the right of action arose,
 
 notwithstanding that the policy of insurance
 
 was in full force and effect at the time of the accident,
 
 and notwithstanding the plain and unequivocal provision of Section 9510-3 that “no such contract of insurance shall he cancelled or annulled by any agreement between the insurance company and the insured, after the said
 
 assured
 
 has become responsible for such loss or damage or death, and
 
 any
 
 such cancellation or annulment shall be void,” the insurance company may declare the policy void because of the non-cooperation of the insured
 
 after the liability became absolute and after the rights of the injured party to recover directly from the insurance company had become fixed.
 
 (Italics mine.)
 

 While the peculiar facts referred to in the brief in this case may raise a clear inference that the tendency of insured’s conduct was harmful or at least not helpful to the insurance company; yet it should not be overlooked that the question here is being raised upon demurrer to an answer by the insurance company to a supplemental petition of the injured party filed pursuant to Section 9510-4, General Code. The
 
 facts
 
 showing non-cooperation were not pleaded. Furthermore, it should not be overlooked that when the defendant secured a judgment against the insured in the action for damages, the liability of the insurance company as well as of the insured became
 
 res judicata
 
 as to the injured party.
 

 Contrary to the argument in the majority opinion, the rights of Stern against the insurance company are
 
 *375
 
 not involved in the instant case, save only the question of whether
 
 at the time of the accident
 
 Stern held a
 
 .valid
 
 policy of insurance covering the accident, which policy had been issued by the appellee insurance company.
 

 The majority opinion attempts to measure the rights of the injured person by the contract between Stern and the insurance company without giving any consideration to the fact that Stern and the insurance company had no right to make any contract which conflicted with, modified or eliminated any provision of any statute of this state.
 

 In the absence of the statutes above-quoted, I could agree that the
 
 Luntz case
 
 formed the basis of
 
 res judicata,
 
 but giving effect to those statutes, I maintain that the liability of the insurance company to the plaintiff is now
 
 res judicata
 
 by virtue of the judgment in the damage case.
 

 We must not decide this case upon the
 
 facts
 
 in the
 
 Luntz case,
 
 because in the instant case we have merely a supplemental answer, filed by the insurance company, to which a demurrer was filed and overruled with final judgment following appellant’s failure to plead further.
 

 If Stern, the insured, breached his contract to cooperate in the defense of the case, then the insurance company has a right of action against Stern for any damages caused by such breach of contract.
 

 Final judgment ought to be entered for appellant.