Zimmerman, J.,
 

 concurring. The conclusions reached by Judge Hart in his opinion are in harmony with the cases of
 
 Stacey
 
 v.
 
 Fidelity & Casualty Co. of New York,
 
 114 Ohio St., 633, 151 N. E., 718;
 
 Wright, Admr.,
 
 v.
 
 Schick,
 
 134 Ohio St., 193, 16 N. E. (2d), 321, 121 A. L. R., 882; and
 
 Luntz et al., Exrs.,
 
 v.
 
 Stern,
 
 135 Ohio St., 225, 20 N. E. (2d), 241. In fact, a contrary holding would, in my judgment, require the overruling of those cases, which I am unwilling to do.
 

 The expression, “whenever a loss or damage occurs on account of a casualty covered by such contract of insurance, the liability of the insurance company shall
 
 *368
 
 become absolute,” as used in Section 9510-3, General Code, was properly interpreted in the
 
 Stacey case,
 
 and such interpretation corresponds with the decisions of other courts in jurisdictions having the same or a similar statute. See,
 
 George
 
 v.
 
 Employers’ Liability Assurance Corp.,
 
 219 Ala., 307, 122 So., 175, 72 A. L. R., 1438;
 
 Hynding
 
 v.
 
 Home Accident Ins. Co.,
 
 214 Cal., 743, 7 P. (2d), 999, 85 A. L. R., 13, and cases cited therein; also 29 American Jurisprudence, 811, Section 1081; 5
 
 Id.,
 
 810, Section 544
 
 et seq.
 

 Undoubtedly the purpose of the statute was to do away with clauses in contracts of insurance making the obligation of the insurer to pay loss or damage dependent upon the prior satisfaction by the insured of a judgment obtained against him by an injured person.
 

 The meaning and effect of Sections 9510-3 and 9510-4, General Code, are accurately and succinctly stated in
 
 Employers’ Liability Assurance Corp.
 
 v.
 
 Ryan
 
 (C. C. A. 6), 109 F. (2d), 690, 691, as follows:
 

 “Sections 9510-3 and 9510-4 of the General Code of Ohio, permit an injured party a direct action against his judgment debtor’s insurers after he has obtained a judgment against the insured. In such action the insurer may defend for breach of conditions in the insured’s contract pertaining to notice of the accident, or to notice of a claim on account of it [or for failure to cooperate in the defense of an action], and on clauses which limit the casualties coming within the terms of the insured’s contract, such provisions binding the judgment creditor if they are binding upon the assured.” See, also,
 
 Storer
 
 v.
 
 Ocean Accident & Guarantee Corp., Ltd.
 
 (C. C. A. 6), 80 F. (2d), 470.
 

 As pointed out in the
 
 Stacey case,
 
 if the quoted language from Section 9510-3, General Code, were to be taken in its literal sense to deprive an insurance company of any defense in proceedings against it by the judgment creditor of the insured, a denial of due process of law would result in contravention of both
 
 *369
 
 the state and federal Constitutions. It is to he remembered that the insurance ■ company does not become a party to the action, under Section 9510-4, General Code, until after the injured person has recovered a judgment against the insured. If it is desirable to have an action in which the injured person may originally sue the insured and his insurer together, trying out all questions in such action, the General Assembly must provide the appropriate legislation. See 85 A. L. R., 27, annotation.