Peck, J.
Section 3929.06, Revised Code, provides that a plaintiff who has recovered a final judgment for loss or damage on account of bodily injury may proceed directly against the defendant’s insurer if the judgment remains unsatisfied for a period of 30 days, and that this remedy may be sought in the action in which the judgment was obtained. Under that authority the plaintiff filed his supplemental petition against the insurer of the defaulting defendant, Mathews, Inc. It is well established that the rights of such a plaintiff against the in *171 surer canuot rise above those of the insured, and that any defenses which would have been available to the insurer in an action by the insured are equally available to the insurer when named a defendant in a supplemental petition filed under the provisions of Section 3929.06, Revised Code. Luntz et al., Exrs., v. Stern, 135 Ohio St., 225, 20 N. E. (2d), 241; Stacey v. Fidelity & Casualty Co. of New York, 114 Ohio St., 633, 151 N. E., 718. It is the position of the insurer here that its insured failed to comply with a condition precedent in that it did not give notice to the insurer of the accident as soon as practicable, and that therefore no liability exists in favor of the plaintiff.
The question thus presented is not a complex one and may be simply stated: Where an insured does not give notice of an accident to his insurer for a period of 18 months, has he as a matter of law failed to comply with a provision of the policy that such notice shall be given as soon as practicable? Under such circumstances does a question of fact exist for the determination of a jury?
At the outset, it must be recognized that every amplification of this oversimplified question by the addition of factual detail from the record tends to militate against the insured by suggesting reasons why it could and should have given earlier notice. Such factual addenda include the insured’s expressed intention on the evening of the accident to give notice and the intervention of an independent aggravation of the plaintiff’s injuries between the date of the accident and the date of the notice ultimately given. We will later return to a brief consideration of these factors.
Perhaps a sound point of departure may be found in a contention of the insurer. It argues in its brief: “What the Court of Appeals in effect said was: An insured is not required to give notice of an accident to the company until it knows the nature and extent of the injuries.”
It seems perfectly apparent that in using the word, “accident,” in its policy instead of the word, “injury,” the insurer sought to avoid exactly the type of situation it is now accusing the Court of Appeals of creating. Obviously, the use of the word, “accident,” makes the duty of the insured more explicit by removing from it the burden of determining the fact of *172 injury as a prerequisite to notice to the insurer. However, in removing this duty the terms of the policy substituted for it another, namely, that of determining whether an accident has occurred. In making it unnecessary for the insured to determine whether an “injury” is of sufficient magnitude to require notice to be given, the terms of the policy assigned to the insured the responsibility of determining whether an event is a trivial occurrence not worthy of being dignified by notice to the insurer or constitutes a full-fledged accident within the meaning of the policy. It was the opinion of the Court of Appeals that the present case was sufficiently close on this point to warrant resolution of the question by a jury.
Exactly the opposite conclusion was reached by another Court of Appeals in the case of Blanc v. Farm Bureau Mutual Automobile Ins. Co., supra, which was an action based on an apparently identical policy against the predecessor of the present insurer. The second paragraph of the syllabus of that case reads as follows:
“Where a contract of insurance provides that ‘when an accident occurs, written notice shall be given by * * * the insured to the company * * * as soon as practicable,’ and where the insured fails to give notice until 18 months after an accident, such failure constitutes a breach of the contract, relieving the insurer of liability under the contract.”
At the time of that accident all observable indications were that it was not a serious one, and, as indicated by the paragraph of the syllabus quoted, the insured did not give the insurer notice until 18 months after its occurrence. That delay was admittedly occasioned at least in part by reason of the fact that the insured had been advised that if he reported one more accident his policy would be canceled, whereas in the present case the delay may be more accurately attributed to simple neglect or oversight. While one reason may be felt less commendable than the other, we attach no legal significance to this difference in occasion for delay and must conclude as did the court below that the cases are squarely in conflict.
In the Blanc case the court at considerable length distinguished it from the case of Employers’ Liability Assurance Corp. v. Roehm, 99 Ohio St., 343, 124 N. E., 223, 7 A. L. R., 182. *173 There the policy required notice to be given within 30 days from the date of the injury complained of unless it was shown that notice within that period was not “reasonably possible.” The plaintiff had suffered in a basketball game what at the time was considered a minor head injury, but from which serious complications developed ten months later ultimately resulting in the loss of the sight of both eyes. Notice to the insurer was given within 30 days of the discovery by the plaintiff of the serious effect of the injury, and the sufficiency of such notice was held to be a question of fact. In the Blanc case the Court of Appeals pointed out the clearly distinguishing fact that the Roehm case policy required a reporting of an injury, whereas in the case before it (as here) the policy required that the insured give notice of an accident. The distinction is a valid one, and we agree with the conclusion of the Court of Appeals in the Blanc case that it was not controlled by the Roehm case.
We cannot, however, agree with the ultimate conclusion of the Court of Appeals in the Blanc case. Rather, we are in accord with the decision in Employers’ Liability Assurance Corp. v. Oles, 13 Ohio Law Abs., 436. In that case as in the present case the insured had full knowledge of the occurrence of the event in controversy but had reason to believe both from statements made by the injured party and other circumstances that no injury had resulted and that no claim for damages would be presented. In spite of a provision in the policy requiring the giving of “immediate written notice” of an accident, no notice was given to the. insurer until the actual bringing of the suit for damages. The exact duration of the period of the delay in giving notice does not appear but it was at least in excess of two months. In finding the existence of a question of fact for the determination of a jury, the court held, as reported in paragraphs two and three of the headnotes, as follows:
“2. A stipulation in a liability insurance policy requiring the insured, upon the occurrence of an accident, to give ‘immediate written notice ’ to the insured, does not, where the accident is of a trivial character or where there is no reasonable ground for believing that a claim will be made, require, that notice be given until an actual claim is made.
“3. Whether the likelihood of injurious consequences of *174 the fall of a woman customer on the concrete floor of a store, who at the time stated she was not injured, with a resulting claim for damages is so reasonably apparent as to impose upon the store owner the duty of giving his liability insurer notice of the accident in accord with the provisions of his policy requiring the giving of immediate notice upon the happening of an accident, is a question of fact.”
The Court of Appeals for Summit County in Nye v. Louis Ostrov Shoe Co., 43 N. E. (2d), 103, in considering a factual situation at some variance from that here under review also held that the question of the propriety of the notice given was one for the jury. See, also, Wagner v. Fireman’s. Fund Indemnity Co., 130 N. E. (2d), 450, and London Guarantee & Accident Co., Ltd., v. Shafer (D. C., S. D. Ohio, E. D.), 35 F. Supp., 647.
It is our conclusion that, where the terms of an insurance policy require the insured to give notice to the insurer of an accident “as soon as practicable,” a question of fact exists if reasonable minds might differ as to whether the event giving rise to the controversy constituted an accident within the meaning of the language of the policy or was merely a trivial occurrence not required to be reported under its provisions. In the present case, it cannot be held as a matter of law that the event on which the original petition was predicated and which was reported to the insured as one in which a third party “had the breath knocked out of him” required notification to the insurer under the terms of the policy. Rather, a question of fact for the jury was created.
We observed earlier that we would comment briefly on two of the factual arguments presented. The first of these concerns the insured’s expressed intention on the evening of the event in controversy of giving notice, which gives rise to the insurer’s argument that the insured well knew that the accident was one which required report. In addition to making such expression, the insured (or, more accurately, the president of the insured) also that evening contacted the agent of another of its insurance carriers to make inquiry concerning its coverage and the next morning “laid out” a report form which was never completed. With reference to this, the president testified that “the purpose [of laying out the report form] is that although the *175 accident looked trivial, I felt that from the driver’s standpoint and everything it would be best to have him fill out a report.” He testified further that the insured’s driver did not report the next morning, that the report form “was laid over to the side,” and that “that was the last we did on it.” This is urged by the insurer as a recognition by the insured of the necessity to report, but it could also be the basis of an argument that the occurrence was of such a trivial character that no report was needed. Which of these arguments is the more persuasive is for jury determination.
The other point upon which we reserved comment arises from the fact that between the date of the accident and the date of the notice ultimately given there was an independent aggravation of the plaintiff’s injuries. This was in the form of a second accident which the plaintiff suffered nearly six months after that complained of in this case. It is the insurer’s contention, doubtless made with substantial justification, that it was hampered in its efforts to establish the exact extent of the injuries resulting from the first accident because of the overlapping complications of the second. However justifiable this contention may be, and even though the insurer may have in fact been prejudiced by the delay, it cannot be controlling. The question of the reasonableness of the insured’s determination of the question as to whether the controverted event constituted a trivial occurrence or an accident within the meaning of the terms of the insurance policy must be resolved on the basis of the facts as they existed at the time of the accident and not in the light of hindsight. There was either a compliance with the policy provisions at that time or there was not, and compliance or noncompliance cannot be established by subsequent events.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias and Bell, JJ., concur.
Taet, J., concurs in the syllabus but dissents from the judgment.
Herbert, J., concurs in paragraph one of the syllabus but dissents from paragraphs two and three thereof and from the judgment.