### Keith v. Safety Cab. Co.
### Case No. 89AP790
### Franklin County, (10th)
### Decided January 25, 1990
[Cite as 1 AOA 413]

414

*Matan & Smith, and Mr. Rufus B. Hurst, for plaintiffs-appellees.*

*Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., and Mr. Daniel J. White, for defendant-appellant.*

MAHONEY, J.

This is an appeal by third-party defendant, Underwriters at Lloyds London, from a judgment of the court of common pleas in favor of plaintiffs on plaintiffs' supplemental complaint, filed pursuant to R.C. 3929.06. Plaintiffs have filed a cross-appeal concerning the trial court's failure to award statutory interest under R.C. 1343.03 from the date of the underlying judgment against defendant Safety Cab Company.

Plaintiff Jack J. Keith, Sr., sustained several injuries on April 2, 1984, as the result of an automobile accident between his vehicle and a vehicle owned by defendant Safety Cab Company ("defendant"). At the time of the accident, defendant was insured through a policy of excess insurance issued by third-party defendant Underwriters at Lloyds London ("Lloyds"). Subsequently, on April 27, 1984, plaintiff and his wife filed a complaint in the common pleas court against defendant Safety Cab Company and its driver seeking compensation in the amount of $75,000. Ultimately, on August 14, 1985, a default judgment was rendered in favor of plaintiffs in the amount of $65,000, which judgment remains unsatisfied.

Subsequently, on September 19, 1985, plaintiffs filed a supplemental petition pursuant to R.C. 3929.06, seeking to recover the $65,000 judgment under the policy issued by Lloyds. Following the answer by Lloyds, it filed a motion for summary judgment on March 5, 1986, for the reason that defendant had failed to properly notify Lloyds pursuant to condition eight of the insurance policy. The trial court denied that motion and referred the matter to a referee of the common pleas court, who rendered a report in March 1989, which recommended that judgment be entered in favor of plaintiffs.

The referee's report concluded that although defendant had failed to notify Lloyds of plaintiffs' claims as required by the policy, such requirement contravened both public policy and the express provisions of Columbus City Code ("C.C.") 587.08. It was the referee's reasoning that C.C. 587.08 expressly provided that any insurer providing liability insurance to

a taxicab company licensed in Columbus unconditionally promised to pay any judgment creditor of such taxicab company any final judgment against the insured. The referee recommended that the trial court grant judgment in favor of plaintiffs against Lloyds in the amount of $65,000. The trial court overruled Lloyds' objections to the report of the referee and entered judgment in favor of plaintiffs on June 5, 1989, but reduced the amount by $25,000 as required by the express terms of the excess policy. Lloyds now appeals and sets forth the following assignments of error:

"A. The trial court erred in denying defendant Lloyd's motion for summary judgment, since, based upon the record and evidence presented, there existed no genuine issue of material fact and judgment for defendant Lloyds was therefore proper.
"B. The trial court erred in entering judgment for plaintiff by adopting the referee's report in that notice was not given to Underwriters of Lloyds London and notice was a condition precedent to payment on the policy."

Plaintiffs in their cross-appeal assert the following single assignment of error:

"The trial court erred in not computing interest from August 14, 1985, the date of the original judgment for plaintiffs against defendant insureds."

Under its first assignment of error, Lloyds contends the trial court erroneously failed to grant summary judgment in its favor for the reason that plaintiffs were bound by defendant's failure to notify Lloyds of plaintiffs' claim. It is Lloyds' position that defendant's failure to fulfill condition eight of the policy, which required defendant to provide written notice to Lloyds within ten days of the filing of any claim or suit which exceeded the $25,000 primary coverage provided by defendant, barred plaintiffs from prevailing on the supplemental petition. Under the second assignment of error, Lloyds argues that the trial court erroneously concluded that C.C. 587.08 imposed an absolute duty on liability insurers to pay any unpaid judgment rendered against a taxicab company, irrespective of the express provisions of the policy. Lloyds contends that the trial court's interpretation was erroneous in two respects.

First, Lloyds maintains that the Columbus City Council did not intend to engraft C.C. 587.08 onto liability policies issued in favor of taxicab companies and, second, even assuming such intention, the plain language of the statute does not vitiate any valid contractual term regarding notice by the insured to the insurer.

Since the second assignment of error presents the threshold issue regarding the proper construction of C.C. 587.08, this court will address that assignment of error first.

For the periods of time relevant to this appeal, three sections of C.C. Chapter 587, which governs the licensing of taxicab owners, are pertinent. C.C. 587.06 imposed upon all owners of taxicabs, as a condition of licensure, the obligation to deposit with the director of public safety evidence of liability protection in an amount not less than $100,000 per occurrence for physical or property damages arising from the ownership, maintenance or use of taxicabs. Evidence of liability protection required by C.C. 587.06 could take the form of a policy of insurance, a bond, self- insurance, or a combination of liability insurance and self-insurance. C.C. 587.07. If an owner chose to provide liability protection in the form of an insurance policy, evidence of such protection could "* * * be furnished by filing with the Director [of public safety] a policy of insurance in the amount of not less than one hundred thousand dollars ($100,000.00), known as Combined Single Limit Insurance Coverage, * * * insuring the owner of such taxicab * * * *and agreeing to pay any judgment creditor, to the extent specified in such policy, any final judgment rendered against the insured * * *.*" (Emphasis added.) It is this latter emphasized portion which the trial court concluded imposed absolute liability on Lloyds once plaintiffs' judgment against defendant remained unsatisfied. This court cannot agree.

It is undoubtedly true that the public policy which prompted the enactment of C.C. Chapter 587 was the desire to insure that taxicab owners are financially able to provide compensation for injuries arising from the negligent operation of taxicabs. Cf. *State, ex rel. McBride,* v. *Deckebach* (1927), 117 Ohio St. 227, 233-236. Such public policy, however, is not tantamount to a requirement that the insurance policy provide an unconditional promise to satisfy any judgment rendered against the taxicab owner. Rather, the plain wording of C.C. 587.06 - 587.08 evinces a legislative intent to require taxicab owners to provide *evidence* of their ability to satisfy any judgment imposed by law for physical injuries occasioned by the negligent operation of their cabs. If that evidence takes the form of a policy of liability insurance, the insurer must agree to pay any judgment creditor any final judgment rendered against the taxicab owner. There is nothing in C.C. 587.08 which prohibits an insurer from conditioning that agreement to pay a judgment creditor upon the insured's compliance with the provisions of the insurance policy. This is so even if, as the trial court apparently concluded, the phrase "to the extent specified in such policy" as used in C.C. 587.08 relates only to the amount of coverage provided by the policy. In short, the city code section regarding the provision of a liability policy does not require that the policy make an unconditional promise to pay any unsatisfied judgment.

Here, Lloyds' policy issued to defendant, specified in an endorsement to the policy for the period January 10, 1984 through April 8, 1984, that defendant give Lloyds:

> "* * * written notice of any accident, within 90 days after knowledge thereof, which results in
> "* * *
> "C. Bodily injury, sickness, or disease
> "* * *
> "2. which, in the judgment of the Insured, is
> "(i) likely to involve liability of the Corporation, or
> "(ii) result in damages in excess of $12,500.00
> "The insured shall also give written notice within 10 days of any claim or suit where the amount claimed or sued for is in excess of the underlying loss stated in the schedule."

It is undisputed that Lloyds never received any notice, written or otherwise, until the supplemental petition was filed in September 1985. As such, the failure to properly notify Lloyds within ten days of plaintiffs' underlying suit, filed in April 1984, is fatal to plaintiffs' supplemental action. *Stacey* v. *Fidelity & Casualty Co. of New York* (1926), 114 Ohio St. 633, paragraph three of the syllabus. Accordingly, the trial court erred in concluding that C.C. 587.08 imposed upon Lloyds an unconditional duty to pay the unsatisfied default judgment rendered against defendant. The second assignment of error is sustained.

In light of this court's disposition of the second assignment of error, any error committed by the trial court in failing to grant summary judgment in favor of Lloyds is nonprejudicial. Accordingly, the first assignment of error is overruled.

With respect to plaintiffs' assignment of error in their cross-appeal, this court's disposition of the appeal on Lloyds' second assignment of error renders any error in the computation of statutory interest nonprejudicial. As such, plaintiffs' assignment of error in their cross-appeal is overruled.

Based on the foregoing, the judgment of the common pleas court is reversed. Since the trial court concluded that defendant had failed to comply with condition eight of the policy issued by Lloyds regarding notice of plaintiffs' suit, such failure on the part of defendant is fatal to plaintiffs' supplemental petition. Accordingly, Lloyds is entitled to judgment in their favor on plaintiffs' supplemental complaint as a matter of law. Therefore, upon remand the trial court is instructed to enter judgment in favor of Lloyds.

*Judgment reversed and cause remanded with instructions.*

REILLY and BOWMAN, JJ., Concur.

MAHONEY, J., retired of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.